**Julius Edwin WIERINGO, Jr., Petitioner,**

v.

**Walter M. RIDDLE, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 76–0023.**

United States District Court,
W. D. Virginia.

June 22, 1976.

Julius Edwin Wieringo, pro se.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

MEMORANDUM OPINION and ORDER

DALTON, District Judge.

This is a petition for a writ of habeas corpus brought by Julius Edwin Wieringo, Jr., an inmate in the Virginia State Penitentiary in Richmond. The petitioner was convicted in the Circuit Court of Bedford County on February 21, 1975 of armed robbery and sentenced to 99 years in jail. He subsequently petitioned for an appeal to the Supreme Court of Virginia alleging among other claims that the trial court erred in refusing to order a psychiatric examination of him. On September 22, 1975 the Supreme Court denied and dismissed his appeal. He now brings this action before this court and states that the trial court prevented the defense counsel from exploring the matter of the defendant's mental competency and thus denied him effective assistance of counsel. Since the facts necessary to decide petitioner's contention are adequately developed in his trial court transcript, *Ganger v. Peyton*, 379 F.2d 709 (4th Cir. 1967), and the petitioner has presented this contention once to the Virginia Supreme Court, *Thompson v. Peyton*, 406 F.2d 473 (4th Cir. 1968), it would appear that he has complied with the requirements of exhaustion. This case is presently before this court on a motion by respondent to dismiss the complaint for failure to state a claim upon which relief can be granted.

Prior to the jury selection in petitioner's trial, his attorney moved to have his case continued in order to permit the petitioner to be examined by a psychiatrist. This idea on the part of petitioner's attorney was prompted by a discussion that he had with a man named Austin who worked for the Juvenile and Domestic Court. Austin had told the petitioner's attorney that he considered the petitioner intelligent, but that his juvenile behavior puzzled him when considered with the petitioner's criminal activities. Petitioner's attorney admitted to the trial court judge that he hadn't previously thought of having the petitioner examined because the petitioner seemed quite normal.

Petitioner testified that his attorney arranged to have this psychiatric examination conducted while the petitioner was out on bond, but unfortunately before this examination took place the petitioner was picked up and returned to jail due to a defective bond. On cross-examination, petitioner admitted that he had not seen Austin for three years. He further admitted that at the time he saw Austin he was only seventeen and then he saw Austin for fifteen minutes. He testified that neither he nor

any member of his family ever sought treatment for mental problems and that he didn't feel the need for such an examination.

In addition to this testimony, the Commonwealth's Attorney called as witnesses the jailer for Bedford County and Doctor W. V. Rucker, a general practitioner in Bedford County. The jailer testified that he never observed anything unusual in the petitioner's behavior while he was incarcerated at the jail. Dr. Rucker, who had seen the petitioner previously, agreed that there was nothing unusual about the petitioner's behavior that might have indicated a need for a psychiatric evaluation. After taking this testimony and arguments by counsel into consideration, the trial judge refused to continue the trial to permit this examination.

■ It is a constitutional requirement that where the evidence raises a sufficient doubt as to an accused's competence to stand trial, a trial court must afford the accused a hearing on the issue. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Kibert v. Peyton,* 383 F.2d 566 (4th Cir. 1967). The question raised here is whether the evidence did raise such a doubt. This court is of the opinion it did not.

In *Pate* and *Kibert* proof of the weakness of mind of each accused was known before trial but disregarded. In each case, the overall impact of the testimony led to the inescapable conclusion that the defendant's mental condition ought to have been at issue. Clearly this is not the case here. This court finds this case to be more in line with *Hawks v. Peyton,* 370 F.2d 123 (4th Cir. 1966) in which a panel of Fourth Circuit judges concluded that a mere suggestion of mental deficiency did not mandate the trial court to order a psychiatric examination for the accused. There, as here, the petitioner's motion was totally unsupported by medical evidence and, in fact, refuted by a general practitioner from the community in which the crime took place. Also similar was the trial judge's willingness to explore the evidence supporting the need for an examination, but after having listened to the evidence finding that the motion was based only on a suggestion by a professional that something might be lacking in the accused's mental capacity. Finally, of even stronger significance here, is the fact that the suggestion was made by a man who had not seen the petitioner for over three years and even then had not observed him for a lengthy period of time.

■ While a defendant must be entitled to adequately pursue a reasonable defense, the state is not obligated to conduct in effect what would be exploratory research into a defendant's mental capacity at the taxpayer's expense. There must be a reasonable limit to denying such a request where there clearly is no objective evidence to suggest that the defendant's mentality is at issue. After careful consideration, this court can not conclude that the trial court abrogated petitioner's constitutional rights in denying his request for a continuance in order for him to undergo a psychiatric examination.

Accordingly, the respondent's motion to dismiss is granted and judgment is herein entered for respondent. The clerk is requested to certify a copy of this opinion to petitioner and counsel for respondent.