Sidney Enoch MASSIE

v.

W. D. BLANKENSHIP.

Civ. A. No. 78–1103–R.

United States District Court,
E. D. Virginia,
Richmond Division.

May 9, 1979.

Sidney Enoch Massie, pro se.

Robert E. Bradenham, II, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

Petitioner brings this petition for a writ of habeas corpus challenging his conviction in the Circuit Court of the City of Richmond, Division I, pursuant to his pleas of guilty, of two counts of robbery. Petitioner complains that his motion to withdraw his pleas was improvidently denied, that the sentencing judge should have ordered that he be examined by a psychiatrist before sentencing, that the tenor of the remarks made by the sentencing judge showed a lack of tolerance toward the petitioner, and that the Commonwealth failed to observe the terms of its plea-bargain with petitioner, in that the Commonwealth's Attorney only half-heartedly advocated the sentence the Commonwealth agreed to recommend in exchange for petitioner's plea of guilty.

Petitioner's claims based upon the sentencing judge's failure to order a psychiatric evaluation and that judge's intemper-ate remarks are without merit. It is settled that the mere suggestion of mental deficiency does not mandate that a trial court order a psychiatric examination to determine a defendant's competence. *Wieringo v. Riddle,* 418 F.Supp. 48 (W.D.Va.1976). The trial judge, after an extensive voir dire of the petitioner specifically found that the petitioner understood the nature and consequences of the charges against him and the nature and consequences of his pleas to those charges, and that his pleas of guilty were voluntarily and intelligently entered. Transcript, p. 8. There is nothing in the record of this case which amounts to anything more than a suggestion that the defendant may have had a mental problem. Under these circumstances, the petitioner has shown no constitutional violation. Furthermore, at no time in the State court proceeding did the petitioner request a mental examination to determine his competence to plead to the charges against him. For these reasons, petitioner's claim that the trial judge should have ordered a psychiatric examination cannot form the basis for habeas corpus relief.

The Court knows of no authority to support petitioner's claims that the sentencing judge's hostile demeanor and comments at sentencing amounted to a denial of equal protection.

The remaining grounds for relief advanced by the petitioner deal with the circumstances surrounding the plea-bargain agreement pursuant to which he pleaded guilty. These grounds raised serious constitutional questions, and the petitioner, acting *pro se,* has ably raised these grounds and supported them with cogent citations to authority. By contrast, the attorney representing the Commonwealth has apparently failed to so much as recognize the point which the petitioner was trying to make. The Court is unable to see how anyone who read the cases cited by the petitioner could have come up so short of the mark as the Assistant Attorney General has in his briefs. The Court can only conclude that the attorney assigned to this matter has not even read the cases cited by his adversary.

The Court must now, therefore, proceed to consideration of the remaining grounds for habeas corpus relief advanced by the petitioner without the benefit of argument on behalf of the Commonwealth.

The petitioner pled guilty to two counts of robbery under a plea-bargain agreement. The agreement was that if the petitioner would enter a plea of guilty as to each of the two counts of robbery, the Commonwealth's Attorney would recommend that the Court sentence the petitioner to twenty years in prison with twelve years suspended on one count and suspend the imposition of sentence as to the other count entirely. Before the judge accepted petitioner's guilty pleas, he informed the petitioner that he would not be bound by any recommendation of the Commonwealth's Attorney, and that generally incarceration for eight years on two convictions of robbery would be an exceedingly mild punishment. The judge then gave the petitioner an opportunity to change his plea, but the petitioner declined. The judge ordered a presentence report to be prepared in the case, and the Commonwealth's Attorney asked the judge if his ordering of a presentence report indicated that the judge was rejecting the recommendation of the Commonwealth. The judge replied that the court may or may not follow the recommendation of the Commonwealth.

Prior to sentencing, the petitioner filed a motion for leave to withdraw his guilty plea. The ground for his motion was that the advice of counsel to enter a guilty plea was caused by counsel's confusion as to whether or not the plaintiff maintained that he was innocent of the crimes. This motion was denied, and the petitioner was sentenced to a term of twenty years in the penitentiary with four years suspended on one count, and imposition of sentence was suspended on the other. Thus, the judge rejected the Commonwealth's recommendation that petitioner serve eight years in the penitentiary and instead imposed a term of sixteen years.

Petitioner now contends that when the sentencing judge determined that he would not accept the Commonwealth's recommendation, he should have permitted the petitioner to withdraw his guilty plea, and that the judge's failure to do so amounted to a denial of due process in violation of the Constitution. Petitioner relies on *United States ex rel. Culbreath v. Rundle,* 466 F.2d 730 (3rd Cir. 1972). In that case, the Third Circuit said:

> [I]f the judge ultimately determines that the interest of justice would not be served by accepting the Government's recommendation made pursuant to such agreement the defendant should be permitted to withdraw his guilty plea, particularly where, as here, there is no Government claim of prejudice or harm. [466 F.2d at 735.]

The Court in *Culbreath* cites no authority for this proposition, and it is not clear that the sentencing judge's failure to permit the defendant to withdraw his guilty plea under these circumstances forms the basis for the Court's decision in *Culbreath.* After setting out the rule quoted above, the Third Circuit pointed out that, in its view, the Government violated the terms of the plea agreement by taking the position on appeal and on habeas corpus that the sentence imposed by the trial judge was proper.[1] Thus, it may be that the actions of the prosecutor and not those of the judge led to the result in *Culbreath.*

The Fourth Circuit has never held that the Constitution requires that a defendant be accorded an opportunity to withdraw his plea if the trial judge determines not to accept a recommendation for sentencing made as part of a plea-bargain, although *Culbreath* was cited favorably in a footnote in *United States v. Truglio,* 493 F.2d 574, 580 n.3 (4th Cir. 1974). However, I believe that the case *United States v. Savage,* 561 F.2d 554 (4th Cir. 1977), a case decided under Fed.R.Crim.P. 11(e), indicates clearly that no constitutional right of the petitioner has been violated. In *Savage,* the Fourth Circuit held that:

1. This Court cannot understand that reasoning.

Where a defendant plea bargains only for a recommendation by the government, which the defendant knows is not binding on the trial court, and the government complies with the agreement by making the recommendation, nonacceptance of the recommendation by the trial court is not a rejection of the plea agreement under Rule 11(e)(4). [561 F.2d at 556].

▮ Thus, the trial court would not be required by Rule 11(e) to afford the defendant the opportunity to withdraw his plea of guilty merely because the court has decided not to follow a sentencing recommendation which the defendant knew would not be binding on the court. It follows that the Constitution does not require that the court permit a defendant to withdraw his plea under these circumstances.

▮ The final claim raised by the petitioner is that the Commonwealth violated the terms of its plea agreement with him when the Commonwealth's Attorney failed adequately to advocate the agreed sentencing recommendation before the trial judge. The attorney representing the Commonwealth at petitioner's sentencing was not the same attorney who entered into the plea bargain with the petitioner. At the proper time in the sentencing the Commonwealth's Attorney made the following recommendation:

MR. YOFFY: The defendant merits time in the penitentiary, but again, I feel duty-bound to recommend again the plea-bargain that counsel entered into prior to my coming up to Court. [Transcript at p. 37.]

In *United States v. Brown,* 500 F.2d 375 (4th Cir. 1974), the Fourth Circuit held that the Government failed to live up to its bargain when the prosecutor only half-heartedly presented its recommendation at sentencing. The Court said:

[I]t is manifest that the consideration which induced defendant's guilty plea was not simply the prospect of a formal recitation of a possible sentence, but rather the promise that an Assistant United States Attorney would make a *recommendation* on sentencing. This could reasonably be expected to be the sound advice, expressed with some degree of advocacy, of a government officer familiar both with the defendant and with his record and cognizant of his public duty as a prosecutor for the United States. [500 F.2d at 377.]

The Court, relying on *Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971),[2] reversed the sentence of the district court and remanded for resentencing before a different district judge after full compliance with the plea-bargain. 500 F.2d at 378.

The record shows that the prosecutor's recommendation in this case is at best equivocal. It appears to the Court that the Assistant Commonwealth's Attorney who argued at sentencing was telegraphing to the sentencing judge his view that the recommended sentence agreed upon by another Assistant Commonwealth's Attorney was ill-advised, and that the judge should not give it great weight. It is possible that this was not the import of counsel's remarks. However, even giving them the most charitable reading, they still fall short of the Fourth Circuit's standard in *Brown.*

Accordingly, a writ of habeas corpus shall issue unless, within 30 days, the Commonwealth of Virginia either (1) gives the petitioner an opportunity to withdraw his plea of guilty and plead anew to the original charges, or (2) resentences the petitioner before a different judge, this time with a recommendation from the Commonwealth's Attorney which meets the constitutional standard set out by the Fourth Circuit in *Brown.* *Santobello,* 404 U.S. at 263, 92 S.Ct. 495.

---

2. *Santobello* was an appeal from a State court conviction.