Bruce W. **WALKER,** Appellant (Defendant Below),

v.

**STATE** of Indiana, Appellee (Plaintiff Below).

No. 3-880A254.

Court of Appeals of Indiana, Third District.

June 3, 1981.

Harriette Bailey Conn, Public Defender (Ihor N. Boyko, Deputy Public Defender), Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen. (Michael Gene Worden, Asst. Atty. Gen.), Indianapolis, for appellee.

STATON, Judge.

Pursuant to a plea agreement, Bruce W. Walker pleaded guilty to the charge of burglary.[1] The trial court accepted Walker's plea but rejected the prosecutor's recommendation to sentence Walker to a five-year term of imprisonment. Rather, the trial court sentenced Walker to the Indiana Department of Correction for a period of eight years. After sentencing, Walker filed a petition for post-conviction relief in which he sought specific performance of the prosecutor's sentence recommendation. Walker appeals the denial of that petition.

On appeal, Walker raises the following issue for review:

Did the PCR court commit reversible error when it failed to resentence Walker in accordance with the prosecutor's sentence recommendation of five years?

We affirm.

Walker and the prosecutor negotiated a plea agreement which required Walker to plead guilty to the charge of burglary in exchange for the following concessions to be made by the prosecutor:

(1) No additional charges arising out of the incident involving the burglary would be filed against Walker.

(2) No habitual offender charge would be filed against Walker as a result of his guilty plea.

(3) The prosecutor "agreed not to argue for more than a five (5) year term of imprisonment."

The plea agreement was presented to the trial court in accordance with IC 1976, 35–5–6–2(a) (Burns Code Ed., 1979 Repl.), of the Indiana plea bargaining statutes. After Walker stated he would plead guilty pursuant to the plea agreement, the trial court made the necessary inquiries to determine if Walker knowingly and voluntarily intended to waive the panoply of constitutional rights afforded to a criminal defendant. The trial court also examined Walker to determine if a factual basis existed for the plea. Finding Walker fully advised of the consequences of his plea and finding a factual basis for the plea, the trial court accepted the tendered plea. The trial court withheld imposing a sentence until it could examine Walker's presentence report.

At the sentencing hearing, the prosecutor, as required by the plea agreement, recommended that five-year sentence be imposed on Walker.[2] Citing the aggravating

---

1. IC 1976, 35–43–2–1 (Burns Code Ed., 1979 Repl.).

2. It must be remembered that a prosecutor, when bound to recommend a particular sentence as part of a plea agreement, must advocate that sentence persuasively and unequivocally. In the leading case sanctioning the use of plea bargaining as an "essential component of the administration of justice," the United States Supreme Court observed:

"[W]hen a [guilty] plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."

*Santobello v. New York* (1971), 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433. Relying on *Santobello*, courts from other jurisdictions have reversed guilty plea convictions which were constitutionally tainted by the

circumstances of Walker's history of criminal activity and a recent parole violation, the trial court found the prosecutor's five-year sentence recommendation to be inappropriate and sentenced Walker to an eight-year term of imprisonment. Thereafter, Walker commenced this action to seek resentencing in accordance with the prosecutor's sentence recommendation.

 Walker contends the trial court's rejection of the prosecutor's sentence recommendation entitled him to withdraw his guilty plea. Because the trial court erroneously failed to afford him the opportunity to withdraw the plea, Walker contends this Court may either vacate his guilty plea or order specific performance of the recommended sentence of five years. Walker, however, voluntarily waives any right he may have to have the plea vacated on appeal and seeks instead to have his sentence reduced to five years.

Walker presents a two-fold argument in support of his contention. First, Walker relies on the following provision of the plea agreement:

> "6. If, after accepting this Agreement, the Court concludes that any of its provisions regarding the terms and conditions of the Prosecutor's recommendation are inappropriate, it can reject the plea, giving the Defendant an opportunity to withdraw the plea."

Walker contends this provision imposed a mandatory duty upon the trial court to permit Walker to withdraw his guilty plea if the trial court rejected the prosecutor's sentence recommendation. Walker's second argument is predicated upon IC 1976, 35–5–6–2(b) (Burns Code Ed., 1979 Repl.), which provides in pertinent part:

prosecutor's failure to fulfill sentencing promises made in plea agreements. *United States v. Brown* (4th Cir.1974), 500 F.2d 375, 377; *Massie v. Blankenship* (E.D. Va.1979), 469 F.Supp. 686, 689; *Matter of Palodichuk* (1978), 22 Wash.App. 107, 110, 589 P.2d 269, 271; *State v. Witte* (1976), 308 Minn. 214, 216 & n. 2, 245 N.W.2d 438, 439 & n. 2; *White v. United States* (D.C.C.A.1980), 425 A.2d 616, 618–20. In these

> "If the recommendation is not accepted, the court shall reject the same before the case may be tried. If the court rejects the recommendation, subsequent recommendations may be filed with the court, subject to the same requirements this chapter imposes upon the initial recommendation. If the court accepts a recommendation, it shall be bound by its terms."

The term "recommendation" as used in IC 35–5–6–2(b) includes a sentence recommendation made by the prosecutor. IC 1976, 35–5–6–1(b)(2) (Burns Code Ed., 1979 Repl.). Walker contends the trial court, after rejecting the prosecutor's sentence recommendation, failed to reject the entire plea agreement and set the matter for trial as required by IC 35–5–6–2(b).

To effectively address Walker's two-pronged attack upon the sentence imposed, the nature of the prosecutor's sentence recommendation must be understood fully. The terms of the plea agreement relevant to sentencing provided:

> "PLEA: The Defendant agrees to plead guilty to: Burglary, a Class "C" felony.
> "TERMS: The Defendant understands that the potential penalty for such a charge is a determinate term of imprisonment of five (5) years, to which may be added three (3) years for aggravating circumstances, or subtracted three (3) for mitigating circumstances, making it a possible two (2) to eight (8) year term of imprisonment, and a fine not to exceed $10,000.
> "2. The Prosecutor has agreed not to argue for more than a five (5) year term of imprisonment."

An examination of these terms reveals that the parties did not condition the trial court's acceptance of Walker's guilty plea upon the imposition of a particular sen-

cases, prosecutors made either equivocal or "half-hearted" sentence recommendations or breached their promises to remain mute at the sentencing hearing. The consensus of these cases is that the efficacy of the plea bargaining system will be undermined if prosecutors perform obligations imposed by binding plea agreements in a perfunctory manner.

tence. The recitation of the potential sentencing range as the "TERMS" of the agreement and the requirement that the prosecutor "agreed not to argue for more than a five (5) year" sentence necessarily indicate that the trial court retained full sentencing discretion even if it accepted Walker's guilty plea. The plea agreement itself did not state a definite sentence. Rather, it empowered the prosecutor to advocate the imposition of a sentence of five years *or less*. This indefiniteness in terms indicates that the prosecutor's sentence recommendation was to serve as another fact relevant to sentencing for the trial court to consider. The only duty imposed upon the trial court by the plea agreement was to entertain the prosecutor's sentence recommendation when the court exercised its sentencing discretion. Furthermore, at the guilty plea hearing, the trial court examined Walker to ensure that he understood the terms of the plea agreement. The trial court informed Walker that a sentence from two to eight years could be imposed under the plea agreement if the trial court accepted Walker's guilty plea.[3] Walker affirmatively acknowledged that fact. Thus, the prosecutor's sentence recommendation was in the nature of a "nonbinding" proposal for sentencing.

Under similar circumstances, the Illinois Supreme Court made the following observations:

"'[W]hen it is considered that the court, prior to the time the plea of guilty was entered and accepted, expressly advised defendant it would not necessarily be bound by such recommendation, it can hardly be said that defendant was the victim. of misrepresentation, misleading inducement or improper conduct. What does appear, rather, is that defendant, with full understanding and the advice of his counsel, took a calculated risk that the

punishment meted out by the court might be less severe than he would receive upon a trial before a jury. That the punishment imposed was not what he hoped or believed it would be affords no basis for defendant to repudiate his own acts and agreements, or to impute improper motives to the State's Attorney. In light of defendant's full understanding of the consequences of his plea, and his knowledge that the court was not bound by the recommendations, no denial of due process may be said to have occurred."

*People v. Lambrechts* (1977), 69 Ill.2d 544, 559, 372 N.E.2d 641, 649, *quoting, People v. Baldridge* (1960), 19 Ill.2d 616, 169 N.E.2d 353, 356. The Illinois court's persuasive analysis leads this Court to conclude that under the terms of the plea agreement in the present case, the trial court's imposition of an enhanced sentence was not violative of the plea agreement. Walker was not entitled to withdraw his guilty plea. Thus, the PCR court did not err in failing to order the specific performance of the prosecutor's five-year sentence recommendation.

■ Walker's reliance upon Paragraph 6 of the plea agreement must fail. That provision merely empowered the trial court to permit Walker to withdraw his guilty plea if the court found any of the terms of the plea agreement unacceptable. It did not impose a *mandatory* duty upon the trial court to afford Walker an opportunity to withdraw his guilty plea if the court rejected the prosecutor's sentence recommendation. The plea agreement provided that the trial court "can reject the plea" under such circumstances. By using the word "can," the parties vested discretionary authority in the trial court to permit withdrawal of the guilty plea if the recommended sentence was not imposed. It would be beyond this court's judicial ambit to rewrite the terms

---

**3.** The trial court's examination of Walker to ensure that he understood the plea agreement permitted the court to impose a sentence from two to eight years cannot be viewed merely as a discharge of the court's statutory duty to inform a defendant who intends to plead guilty "of the maximum possible sentence and minimum sentence." IC 1976, 35-4.1-1-3(d)

(Burns Code Ed., 1979 Repl.). Later in the guilty plea hearing, the trial court informed Walker of the potential sentencing range as required by IC 35-4.1-1-3(d). The trial court's earlier examination of Walker focused on Walker's understanding of the "nonbinding" sentencing terms of the plea agreement.

of the plea agreement by substituting either "shall" or "must" for "can" in Paragraph 6. Thus, Paragraph 6 does not alter this Court's construction of the plea agreement.

The application of IC 35–5–6–2(b), which forms the basis of Walker's other challenge to his sentence, does not render the PCR court's judgment erroneous. The Indiana Supreme Court recently examined the purpose and effect of IC 35–5–6–2(b) and reached the following conclusion:

> "I.C. 35–5–6–2(b) dictates compliance with a written plea bargain recommendation filed by the prosecutor pursuant to I.C. 35–5–6–1, *et seq.* if the trial court accepts the recommendation. Should the court reject the recommendation, the statute allows subsequent recommendations to be filed. If the recommendation is rejected by the trial court, its only course then is to set the matter for trial."

*State ex rel. Goldsmith v. Marion County Superior Court* (1981), Ind., 419 N.E.2d 114; *see also Moyer v. State* (1978), Ind.App., 379 N.E.2d 1036, 1038. The Supreme Court's analysis of IC 35–5–6–2(b) applies effectively to a plea agreement in which the parties intend to condition the trial court's acceptance of the defendant's guilty plea upon the imposition of a particular sentence. To permit the trial court to deviate from a "binding" recommendation would deprive the parties of the essential objective of their plea agreement—a specific sentence disposition. However, application of the Court's construction of IC 35–5–6–2(b) to a "nonbinding" sentence recommendation (such as the one presented in Walker's case) would in effect thwart the intent of the parties and circumvent the plain meaning of the terms of the plea agreement. Under a "nonbinding" sentence recommendation, the defendant extracts a promise from the prosecutor to advocate the imposition of a particular sentence (or that the prosecutor will remain mute at the sentencing hearing), but the defendant knowingly, voluntarily, and intelligently submits to the agreement with the understanding that the sentence recommendation is "nonbinding" and that he or she is not entitled to withdraw the guilty plea if the trial court rejects the recommended sentence. This type of sentence recommendation is made as another fact relevant to sentencing for the trial court to consider when it exercises its sentencing discretion.

■ While the distinction drawn between "binding" and "nonbinding" sentence recommendations does not emanate from a specific statutory provision, such a distinction must be drawn so that the Indiana plea bargaining statutes may be applied rationally. The plea bargaining statutes do not limit the types of arrangements that may be negotiated by a defendant and the prosecutor, so long as the arrangements remain within the statutory limitations established by the legislature. The parties are free to negotiate a "nonbinding" sentence recommendation. It would be an anomalous result for IC 35–5–6–2(b) to be applied so that the rejection of an entire plea agreement is made mandatory when the trial court does not accept a "nonbinding" sentence recommendation.

The prosecutor and defense counsel are exhorted to ensure the defendant understands the import of a "nonbinding" sentence recommendation. A plea agreement which includes a "nonbinding" sentence recommendation must reflect the nature of the recommendation in clear and concise language which the defendant comprehends. The United States Supreme Court has observed that a guilty plea is a "grave and solemn act" and should be accepted only when the defendant has a "sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States* (1970), 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747, 756; *See also, Collins v. State* (1979), Ind.App., 394 N.E.2d 211, 214. Likewise, the same sufficient awareness must attend a defendant's consent to the terms of a plea agreement which forms the basis of the defendant's guilty plea.

The distinction drawn between "binding" and "nonbinding" sentence recommendations has also been recognized in most fed-

eral courts. *United States v. Gaertner* (7th Cir.1979), 593 F.2d 775; *United States v. Henderson* (9th Cir.1977), 565 F.2d 1119, *cert. denied*, (1978), 435 U.S. 955, 98 S.Ct. 1586, 55 L.Ed.2d 806; *United States v. Savage* (4th Cir.1977), 561 F.2d 554; *United States v. Seidman* (E.D.Wis.1980), 483 F.Supp. 156, *aff'd in unpublished opinion* (7th Cir.), *cert. denied*, —— U.S. ——, 101 S.Ct. 574, 66 L.Ed.2d 473; *Neeley v. Duckworth* (N.D.Ind.1979), 473 F.Supp. 288; *United States v. Sarubbi* (D.N.J.1976), 416 F.Supp. 633; *contra, United States v. White* (6th Cir.1978), 583 F.2d 819; *see generally*, 1 Wright & Miller, *Federal Practice and Procedure* § 172 (1980 Supp., at 132–33). While operating under a plea agreement procedure (Fed.R.Crim.Pro. 11(e)) that is more detailed than IC 35–5–6–1 *et seq.*, these federal courts have relied upon the same rationale upon which this Court relies in holding that a criminal defendant is not entitled to withdraw his or her guilty plea when the trial court does not accept the prosecutor's "nonbinding" sentence recommendation. In *Gaertner, supra*, the Court stated:

> "The court's refusal to adopt the government's sentencing recommendation is simply not a rejection of the plea agreement, since by its very terms the court was not bound by the recommendation, and the court so admonished the appellant on the record. On the contrary, the court adopted the plea agreement by accepting the appellant's plea, dismissing the remaining counts of the indictment and by entertaining the government's sentencing recommendation.

> \* \* \* \* \* \*

> "Therefore, we hold that the district court's nonacceptance of the government's sentence recommendation did not constitute a rejection of the plea agreement under Rule 11(e)(4), where the appellant plea bargained merely for a sentence recommendation, rather than disposition, knew that the recommendation would not be binding upon the trial court, and the government presented the recom-

mendation in accordance with the plea agreement." (footnote omitted)

593 F.2d at 777.

The distinction drawn in *Gaertner* between a "nonbinding" sentence recommendation and a "binding" sentence disposition must also exist under the Indiana plea bargaining statutes. When a specific sentence disposition is contemplated by the parties to a plea agreement, the trial court, if it finds the recommended sentence unacceptable, must reject the entire plea agreement and set the case for trial. However, when the prosecutor makes a "nonbinding" sentence recommendation, the Indiana plea bargaining statutes cannot be construed so as to make the rejection of the entire plea agreement mandatory when the trial court does not accept the recommended sentence.

In the present case, Walker stated at the PCR hearing that defense counsel put him in a "trick bag" by assuring him the trial court would impose a five-year sentence. However, at the same hearing, Walker acknowledged that the trial court informed him that a sentence from two to eight years in duration could be imposed if the court accepted Walker's guilty plea. Additionally, the PCR court had before it the plea agreement which delineated the "nonbinding" nature of the prosecutor's sentence recommendation. Thus, in light of the evidence presented at the PCR Hearing, this Court concludes the PCR court did not err in refusing to resentence Walker in accordance with the prosecutor's "nonbinding" sentence recommendation.

Affirmed.

HOFFMAN, P.J., concurs.

GARRARD, J., concurs with Opinion.

GARRARD, Judge, concurring.

I concur with the majority but wish to underscore what I consider to be the main thrust of our holding today.

I agree that it can be mutually advantageous to the State and the accused in certain instances to reach a plea bargain agreement which leaves open to the court some aspect of the dispositional process. I also agree that the record should, and the

one before us does, clearly disclose that the accused is aware of the court's latitude under such a proposed bargain.

The point I would emphasize is that an accused is no longer bound to "take on faith" an assurance that the court "usually" follows the prosecutor's recommendation. Pursuant to IC 35–5–6–1 et seq., he can insist that no terms be left open with the assurance that the court will be bound by the agreement if it is accepted. See, *State ex rel. Goldsmith v. Marion County Superior Court* (1981), Ind., 419 N.E.2d 109.

Under that circumstance there appears to me to be no valid reason to limit the ability of the parties to reach a plea bargain that does not bind all aspects of the disposition.

I concur.