Marty J. ALLEN, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 41S05–0609–CR–477.

Court of Appeals of Indiana.

May 1, 2007.

Sarah L. Nagy, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Deputy Attorney General, Arthur Thaddeus Perry, Special Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Marty J. Allen appeals the trial court's denial of his "Motion to File Belated Notice of Appeal and/or Belated Motion to Correct Errors."

We affirm.

### ISSUE

Allen presents two issues for our review, one of which is dispositive: whether the trial court erred by denying Allen's "Motion to File Belated Notice of Appeal and/or Belated Motion to Correct Errors."

### FACTS AND PROCEDURAL HISTORY

On October 28, 1994, Allen entered a plea of guilty to the following offenses: murder; robbery while armed with a deadly weapon, a Class B felony; attempted murder, a Class A felony; two counts of burglary, Class C felonies; theft, a Class D felony; attempted theft, a Class D felony; and two counts of confinement while armed with a deadly weapon, Class B felonies. Pursuant to his pleas of guilty, Allen was sentenced on December 21, 1994 to sixty (60) years for murder; twenty (20) years for robbery while armed with a deadly weapon; fifty (50) years for attempted murder; eight (8) years for each count of burglary; three (3) years for theft; three (3) years for attempted theft; and twenty (20) years for each count of confinement while armed with a deadly weapon, all to be served consecutively, for an aggregate sentence of one hundred and ninety-two (192) years.

On March 28, 1995, Allen filed a praecipe (the precursor of the notice of appeal). He was advised by the trial court that he had waived his right to appeal by pleading guilty and that if he wanted to proceed, he could file a petition for post-conviction relief. Allen apparently filed a *pro se* petition for post-conviction relief on December 5, 1997. Although Allen included a file-stamped copy of this petition in his Appellant's Appendix (*see* Appellant's App. at 142), there is no record of this filing in the official certified copy of the trial court's chronological case summary (CCS), and neither party offers an explanation as to

this conundrum. On February 28, 2000, Allen filed a motion to withdraw his petition for post-conviction relief without prejudice. The trial court granted Allen's motion. On January 3, 2002, Allen filed a second *pro se* petition for post-conviction relief. That same month, the trial court appointed the State Public Defender's office to represent Allen with regard to his petition for post-conviction relief. In March 2002, Special Assistant Counsel to the Public Defender of Indiana sent a letter to Allen advising him that there were "no meritorious issues to pursue" on his behalf. Letter of Public Defender, Appellant's App. at 85. Counsel also stated that although there were some "minor errors" in Allen's sentence, she noted that the errors were "without prejudice" and failed to amount to any practical relief for Allen. Letter of Public Defender, Appellant's App. at 85. Allen's petition was denied by the court in April 2002. In his Appendix, Allen has also included a petition for successive post-conviction relief that is file-stamped June 20, 2002. This Court declined to authorize Allen's filing of the successive petition for post-conviction relief on September 3, 2002. Finally, on May 26, 2006, Allen filed his "Motion to File Belated Notice of Appeal and/or Belated Motion to Correct Errors," which was denied by the trial court on July 5, 2006. It is from this denial that Allen appeals.

## DISCUSSION AND DECISION

■ Allen contends that the trial court erred by denying his "Motion to File Belated Notice of Appeal and/or Belated Motion to Correct Errors," which was based upon Allen's allegations of an erroneous sentence. The trial court denied Allen's motion without a hearing. Where a trial court does not conduct a hearing on a petition for permission to file a belated notice of appeal, as occurred here, we re-

view a trial court's decision regarding the petition *de novo*. *See Perry v. State*, 845 N.E.2d 1093, 1095 (Ind.Ct.App.2006), *trans. denied*, 855 N.E.2d 1013.

In the present case, Allen pleaded guilty to numerous offenses in October 1994 and was sentenced in December 1994. In March 1995, Allen filed a praecipe with the trial court and was instructed to pursue other avenues for review of his conviction and/or sentence. After pursuing petitions for post-conviction relief, Allen filed his "Motion to File Belated Notice of Appeal and/or Belated Motion to Correct Errors" in May 2006 pursuant to Ind. Post–Conviction Rule 2. P–C.R. 2 allows, generally, a petition for permission to file a belated notice of appeal or belated motion to correct error where the failure to file a timely notice of appeal or motion to correct error was not due to the fault of the defendant, and the defendant has been diligent in requesting permission to file a belated notice of appeal or belated motion to correct error under this rule. It is from the trial court's denial of Allen's motion made pursuant to P–C.R. 2 that he now appeals.

■ To begin our analysis, we review the limitations upon a direct appeal from a plea of guilty. A defendant who pleads guilty is not permitted to challenge the propriety of that conviction upon direct appeal because the right to a direct appeal is one of the things a person relinquishes by pleading guilty. *Kling v. State*, 837 N.E.2d 502, 504 (Ind.2005). Rather, a person who pleads guilty may only challenge the conviction by way of a petition for post-conviction relief. *Id.* Two exceptions to the rule prohibiting the challenge of a guilty plea by direct appeal have been recognized. *Creekmore v. State*, 853 N.E.2d 523, 532 (Ind.Ct.App.2006), *clarified on denial of reh'g*, 858 N.E.2d 230. First, a defendant who pleads guilty is

entitled to challenge, on direct appeal, the merits of a trial court's sentencing decision where the trial court has exercised sentencing discretion. *Id.* Second, a defendant who pleads guilty is entitled to challenge, on direct appeal, the trial court's discretion in denying the withdrawal of a guilty plea prior to sentencing. *Id.* at 533. In the instant case, we are concerned only with the first exception.

 In clarifying this exception, our supreme court stated in *Collins v. State*, 817 N.E.2d 230 (Ind.2004), cited by Allen in support of his argument on appeal, that the proper procedure to challenge the sentence of a defendant who has pleaded guilty with an "open" plea is to file a direct appeal, or, if the time for filing a direct appeal has run, to file an appeal under P–C.R. 2. 817 N.E.2d at 233. An "open" plea is one in which the sentence to be imposed is left to the discretion of the court. *Boyle v. State*, 851 N.E.2d 996, 1008 n. 6 (Ind.Ct. App.2006). In applying the tenets of *Collins*, our supreme court has stated that in an open plea situation, the sentence may, indeed must, be challenged (if at all) by means of a direct appeal. *Kling*, 837 N.E.2d at 504. Further, the teachings of *Collins* have been determined to also apply to a "range" plea. *See Boyle*, 851 N.E.2d at 1004 (determining that a range or capped plea is akin to an open plea in that the court must still exercise some discretion in determining the sentence it will impose). A "range" plea establishes a range of possible sentences to be imposed by the trial court and includes a plea in which the sentence is capped. *Id.* at 1008 n. 6. As we will discuss below, Allen's reliance upon *Collins* in support of his position is misplaced.

 In contrast to the defendant in *Collins*, Allen pleaded guilty with a fixed plea. A "fixed" plea is one which specifies the exact number of years to be imposed for

sentencing. *Boyle*, 851 N.E.2d at 1008 n. 6. Allen is now attempting to challenge his sentence in a direct appeal. Yet, it is a long-standing principle that the validity of a guilty plea can only be challenged by way of a petition for post-conviction relief, not by direct appeal or motion to correct error. *Jones v. State*, 675 N.E.2d 1084, 1089 (Ind.1996). As we stated previously, one exception to this rule is a sentence imposed following an open plea because of the discretion exercised by the trial court in imposing the sentence. *Creekmore*, 853 N.E.2d at 532. However, this case does not fall into this exception because Allen pleaded guilty with a fixed plea.

 To accept or reject a plea agreement and the sentencing provisions therein is within the trial court's discretion. *Bennett v. State*, 802 N.E.2d 919, 921 (Ind.2004). A plea agreement is a contract, binding upon both parties when accepted by the trial court. *Brewer v. State*, 830 N.E.2d 115, 118 (Ind.Ct.App. 2005), *trans. denied*, 841 N.E.2d 184. If the court accepts such an agreement, it is strictly bound by the agreement's sentencing provision and is precluded from imposing any sentence other than required by the plea agreement. *Bennett*, 802 N.E.2d at 921–22. The trial court did not exercise any sentencing discretion in this case because Allen's plea was a fixed plea. Paragraph 4 of the plea agreement, signed by Allen, explicitly set forth the 192–year sentence that the court imposed at sentencing. *See* Plea Agreement, Appellant's Appendix at 70–71 and Sentencing Order, Appellant's App. at 80. Thus, the trial court was not permitted to impose a sentence other than the 192–year sentence agreed to in the plea. *See, e.g., Brewer*, 830 N.E.2d 115 (once plea agreement, which contained sentencing provision, was accepted by trial court, court was bound by sentencing terms contained in agreement and further

sentencing discretion of trial court was foreclosed).

Allen also mentions in his brief the fact that the trial court did not advise him of his right to appeal from his sentence. In addition, he avers that the trial court later incorrectly informed him that by pleading guilty he had waived his right to appeal his sentence and advised him to pursue post-conviction remedies instead. We disagree.

In *Collins*, the defendant was not advised that he had a right to appeal his sentence and had been told that when he pleaded guilty, he waived his right to an appeal. In response, our supreme court stated:

> The fact that the trial court at a guilty plea hearing does not advise the defendant in an open plea situation that the defendant has the right to appeal the sentence to be imposed does not warrant an exception to the rule that sentencing claims must be raised on direct appeal. This is because Indiana Post–Conviction Rule 2 will generally be available to an individual in this situation.

*Id.* at 233. In Allen's case, the trial court's failure to advise Allen of a right to appeal and its statement that he waived his right to appeal, are even less consequential than in *Collins*. *Collins*, as we have stated, involved an open plea such that Collins' sentence could be appealed either by direct appeal or P–C. R. 2. Allen, on the other hand, pleaded guilty to a fixed plea which foreclosed any direct appeal. Allen's only recourse was by way of post-conviction relief. Therefore, the court's failure to advise him of his right to appeal caused no harm because he, in fact, had no right to appeal. Moreover, the trial court's advice to Allen to seek post-conviction relief was correct because that was the only avenue available for him in the fixed plea situation. There was no error.

Given our resolution of the procedural issue in this case, we find no need to review the merits of Allen's sentencing claim. The issue of whether Allen's sentence was erroneous should be pursued by filing a petition for post-conviction relief. Allen has availed himself of the post-conviction procedure by filing two petitions for post-conviction relief, the first of which was withdrawn by Allen, and the second of which was denied by the post-conviction court. In addition, Allen filed a request to file a successive post-conviction petition in June 2002, and, in September 2002, this Court declined to authorize the filing of Allen's successive post-conviction petition. Accordingly, based upon the foregoing discussion and authorities, we conclude the trial court properly denied Allen's "Motion to File Belated Notice of Appeal and/or Belated Motion to Correct Errors."

Affirmed.

KIRSCH, J., and FRIEDLANDER, J., concur.