**Bruce Wayne ST. CLAIR, Jr.,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 76A03–0708–CR–361.**

Court of Appeals of Indiana.

Feb. 20, 2008.

Transfer Granted April 30, 2008.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender Deputy Attorney General, Indianapolis, IN, for Attorneys for Appellee.

## OPINION

MAY, Judge.

Bruce Wayne St. Clair, Jr. appeals the denial of his petition for leave to file a belated appeal. The State opposed St. Clair's petition on the ground St. Clair had waived his right to a direct appeal by entering a plea agreement with a fixed plea. The trial court summarily denied St. Clair's petition. Finding St. Clair had an open plea and has met the requirements of Post–Conviction Rule 2, we reverse and remand.

### FACTS AND PROCEDURAL HISTORY

St. Clair was charged with sexual misconduct with a minor as a Class C felony and as a Class D felony. On November 6, 2006, St. Clair signed a plea agreement in which he agreed to plead guilty to the Class D felony. The State agreed to dismiss the Class C felony and a charge from a different case and "recommend" a sentence of three years with 180 days executed and two and a half years probation. (Appellant's App. at 17.)

At the change of plea hearing on November 6, 2006, defense counsel described the plea agreement to the court:

My client will be pleading guilty to count two, sexual misconduct with a minor as a class D felony. The state will be dismissing count one and CM–891. He will receive a fine in the amount of one dollar plus court costs, a term of imprisonment of three years all of which will be suspended except for one hundred eighty days which will be served. There will be a term of probation of one and one half years.

(Tr. at 17.) The court asked, "Mr. St. Clair, is that the agreement you believe you have?" (*Id.* at 18.) St. Clair responded, "Yes, Sir." (*Id.*) The trial court took the plea under advisement.

A sentencing hearing took place on January 22, 2007. Before accepting the agreement, the court verified the accuracy of the pre-sentence investigation report and gave the victims and St. Clair an opportunity to speak. During the hearing, a dispute arose as to whether St. Clair would be required to register as a sex offender. The trial court did not accept the plea agreement at that time, but continued the hearing.

On March 5, 2007, having concluded St. Clair would not be required to register, the trial court entered judgment of conviction and imposed the sentence contained in the written plea agreement. The trial court did not hear arguments or find any aggravators or mitigators.

Trial counsel filed a notice of appeal on April 5, 2007, which was one day late. Appellate counsel was appointed on April

23, 2007. Appellate counsel realized the notice of appeal was not timely filed and petitioned for leave to file a belated notice of appeal. The State opposed the petition on the ground St. Clair had waived his right to direct appeal by entering a plea agreement containing a fixed sentence. The trial court summarily denied his petition to file a direct appeal.

## DISCUSSION AND DECISION

As a preliminary matter, we must determine whether St. Clair's plea agreement is open or fixed. "A 'fixed' plea is one which specifies the exact number of years to be imposed for sentencing." *Allen v. State*, 865 N.E.2d 686, 689 (Ind.App. 2007). "An 'open' plea is one in which the sentence to be imposed is left to the discretion of the court." *Id.* A fixed plea may not be challenged on direct appeal, but a defendant may directly appeal a sentence imposed pursuant to an open plea. *Id.*

> Plea agreements are contracts which are entered into between the State and defendant and are binding upon both parties when accepted by the trial court.... The principles of contract law provide guidance in the consideration of plea agreements. In interpreting a contract, our primary goal is to give effect to the parties' intent. When the terms of a contract are clear and unambiguous, they are conclusive of that intent, and we will not construe the contract or look to extrinsic evidence. Ambiguity is found in the terms of the contract only if reasonable people would find the contract subject to more than on interpretation, not merely because a controversy exists between the parties concerning proper interpretation.

*Baker v. State*, 768 N.E.2d 477, 481 (Ind. Ct.App.2002) (citations omitted).

The written plea agreement provides the State would "recommend" a term of three years imprisonment suspended except for 180 days and a term of two and a half years of probation. (Appellant's App. at 17.) We give words in a contract their plain, ordinary meaning, *Berkel & Co. Contractors, Inc. v. Palm & Associates, Inc.*, 814 N.E.2d 649, 657 (Ind.Ct. App.2004), and "recommend" ordinarily connotes a nonbinding suggestion. *See* Merriam–Webster OnLine, www.m-w.com (defining "recommend" as "to present as worthy of acceptance ... to endorse ... advise").

The State argues a recommendation may be binding or nonbinding, citing *Walker v. State*, 420 N.E.2d 1374 (Ind.Ct. App.1981). Walker entered a plea agreement in which the prosecutor agreed not to argue for more than a five-year term of imprisonment. Accordingly, the prosecutor argued for five years imprisonment, but the trial court found aggravating circumstances and chose to impose an eight-year sentence. Walker argued Ind.Code § 35–5–6–2(b) bound the trial court to impose a five-year sentence. That statute, now repealed, "dictate[d] compliance with a written plea bargain recommendation filed by the prosecutor ... if the trial court accepts the recommendation." *Walker*, 420 N.E.2d at 1378 (*quoting State ex rel. Goldsmith v. Marion County Superior Court*, 275 Ind. 545, 552, 419 N.E.2d 109, 114 (Ind.1981)).

In *Walker*, we clarified that when a trial court accepts a plea agreement, and the parties have agreed to a specific sentence, the trial court must impose that sentence. *Id.* at 1379. We referred to this as a "binding recommendation." *Id.* However, if the parties did not agree to a particular sentence, the trial court was not bound to the prosecutor's recommendation. *Id.* We referred to this as a "nonbinding recommendation." *Id.*

*Walker* interpreted the term "recommendation" as used in Ind.Code § 35–5–6–2(b). As the parties note, the language of "binding recommendations" has sometimes made its way into more recent opinions even though the statute was repealed. Neither these cases nor Walker purport to hold that the term "recommend," as used in a given plea agreement, may be interpreted as either binding or nonbinding. Instead, the word should be given its ordinary meaning when there is nothing in the plea agreement to suggest the parties meant something different. *See Berkel,* 814 N.E.2d at 657.

The written agreement is unambiguous, and we decline the State's invitation to conclude, based on the parties' conduct, that a fixed plea was intended. St. Clair entered an open plea and may therefore appeal his sentence if he has met the requirements of Post–Conviction Rule 2.

■ Because the trial court did not hold a hearing on St. Clair's petition, we review the denial of his petition *de novo. Cruite v. State,* 853 N.E.2d 487, 489–90 (Ind.Ct. App.2006), *trans. denied* 860 N.E.2d 598 (Ind.2006). St. Clair must prove by a preponderance of the evidence he was not at fault for failing to file a timely notice of appeal and he was diligent in requesting permission to file a belated notice of appeal. PC. R. 2.; *Mead v. State,* 875 N.E.2d 304, 307 (Ind.Ct.App.2007). The State does not argue St. Clair was at fault or not diligent. Therefore, St. Clair need demonstrate only *prima facie* error on these issues. *Atchley v. State,* 730 N.E.2d 758, 766 (Ind.Ct.App.2000), *trans. denied* 741 N.E.2d 1252 (Ind.2000).

Trial counsel filed a notice of appeal on April 5, 2007, which was one day late. Nevertheless, the trial court clerk accepted it. The mistake was first discovered by appellate counsel, who was appointed on April 23, 2007. St. Clair's petition for permission to file a belated appeal was filed approximately two weeks later, on May 8, 2007.

As the petition was filed only one day late and was apparently accepted by the clerk, we cannot say St. Clair should have realized anything was amiss. His petition for permission to file a belated appeal was filed shortly after appellate counsel was appointed. Therefore, we conclude St. Clair has met his burden of demonstrating he was not at fault and was diligent in requesting relief, and we reverse the denial of his petition. Moreover, it is apparent from the record that St. Clair did not receive the benefit of his bargain. In the interest of judicial economy, we remand for resentencing. On remand, St. Clair shall have the opportunity to argue for a lesser sentence in accordance with his open plea agreement.

Reversed and remanded.

KIRSCH, J., concurs.

RILEY, J., dissenting with separate opinion.

Judge, RILEY, dissenting.

I respectfully dissent. A fixed plea agreement is one that specifies the exact terms of the sentence to be imposed. *See Allen v. State,* 865 N.E.2d 686, 688 (Ind.Ct. App.2007). Specifically, the original plea agreement provided in part as follows:

2. The State will recommend the following sentence:

A term of imprisonment of 3 years suspended, except for the following: 180 days

A term of probation 2½ year(s), with the normal and usual terms of probation

(Appellant's App. p. 17). Thus, it is clear from the record that St. Clair pled guilty to a fixed term plea agreement that set

forth a specific sentence recommendation. The trial court accepted the plea agreement and followed its terms. At the sentencing hearing, St. Clair waived all claims that could be raised on direct appeal. The trial court properly denied his motion to bring a belated appeal and, therefore, I would affirm the decision of the trial court.