**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ALPHA HOLDER, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1111-CR-516 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause Nos. 45G02-0810-FC-142, 45G02-0904-FC-40

**July 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Alpha Holder, Jr., appeals as inappropriate the nine years of executed time the court ordered him to serve for committing Class C felony fraud on a financial institution[1] and being an habitual offender.[2] We affirm.

## FACTS AND PROCEDURAL HISTORY

Holder stole a checkbook from Tameka Henley, wrote a check to himself without Henley's permission, and forged her signature on the check. On April 2, 2009, Holder tried to cash it. Later that day, the police arrested Holder, who was on probation.

The State charged Holder with Class C felony forgery,[3] Class C felony fraud on a financial institution, and Class D felony theft.[4] Holder pled guilty to Class C felony fraud on a financial institution, admitted he was an habitual offender,[5] and admitted violating probation.

Holder's plea agreement provided he would serve six years in the Department of Correction (DOC) for committing Class C felony fraud on a financial institution and another three years for being an habitual offender. Holder requested the court order his sentence served at a local community corrections facility where he could be close to his family, retain

---

[1] Ind. Code § 35-43-5-8.

[2] Holder refers to a twelve-year sentence throughout his brief, but his sentence for his conviction of fraud on a financial institution, under Cause No. 45G02-0904-FC-00040, is only nine years – six years for the Class C felony, enhanced by three years for his status as an habitual offender. The other three years to which Holder refers are a result of the revocation of the probation he was serving under Cause No. 45G02-0810-FC-00142. While Holder's brief suggests the order he serve three years of his suspended sentence in Cause No. 45G02-0810-FC-00142 was inappropriate, that allegation of error was waived for failure to make a cogent argument, see Ind. Appellate Rule 46(A)(8)(a) (requiring cogent argument), because Holder did not present the appropriate standard of review or argue the trial court erred by revoking his probation and ordering him to serve the remainder of his sentence.

[3] Ind. Code § 35-43-5-2.

[4] Ind. Code § 35-43-4-2.

[5] Ind. Code § 35-50-2-8.

his job through a work release program, and continue his education. At the sentencing hearing, the court noted Holder was an habitual offender with a "horrendous" criminal record. (Tr. at 39.) The only mitigating factor the court found was his admission of guilt. The court imposed a nine-year sentence executed in the Department of Correction (DOC).

## DISCUSSION AND DECISION

An appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). In our review, "we must and should exercise deference to a trial court's sentencing decision . . . ." *Stewart v. State, 866* N.E.2d 858, 866 (Ind. Ct. App. 2007). "The defendant has the burden of persuading us that his sentence is inappropriate." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

Holder acknowledges the nature of his offense warrants punishment, but he claims the DOC is not an appropriate location to serve his sentence because he was accepted into community corrections and his offense was not violent.[6] Holder also contends his poor health, service in the Army, education, and relationship with his family illustrate a character that makes the execution of his sentence in the DOC inappropriate.

The "location where a sentence is to be served is an appropriate focus for application of our review and revise authority." *Id.* However, "it will be quite difficult for a defendant

---

[6] The sentence range for a Class C felony is two to eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6. The trial court imposed the nine-year sentence required by Holder's plea agreement; thus, Holder cannot challenge the length of his sentence. *Allen v. State*, 865 N.E.2d 686, 689 (Ind. Ct. App. 2007).

3

to prevail on a claim that the placement of his sentence is inappropriate[,] because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather the question is whether the sentence imposed is inappropriate. " *Id.* at 267-68 (emphasis in original). We now turn to the nature of his offense and his character to determine if his placement is inappropriate.

As for the nature of the offense, Holder stole Henley's checkbook from her purse, wrote a check to himself without Henley's permission, forged her signature on it, then tried to cash it. Although Holder's crime is not particularly heinous, we cannot say the placement is inappropriate in light of the crime.

To support his contention his character warrants a change in placement, Holder presented evidence of his health issues, which include diabetes, congestive heart problems, and asthma. Holder also claims his service in the Army, education, and relationship with his family illustrate a character that makes the execution of his sentence in the Department of Correction inappropriate. However, when we consider the character of the offender, "one relevant fact is the defendant's criminal history." *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011). The significance of criminal history depends on the "gravity, nature, and number of prior offenses in relation to the current offense." *Id.*

Holder's extensive criminal history includes fifteen prior felony convictions, all of which relate to theft, fraud, or forgery. (Tr. at 39, App. at 348-53.) Holder is an habitual offender who was on probation when he was arrested for the instant offense. In light of Holder's criminal history, we will not disturb the decision to place Holder in the DOC. *See*

4

*Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007) (continuous criminal record makes placement in the DOC appropriate).

Based on the nature of his offense and his character, we are not convinced Holder's placement in the DOC is inappropriate. Accordingly, we affirm.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.