## STATE v. WALLACE HARVEY WITTE.

245 N. W. 2d 438.

April 16, 1976—No. 45148.

*C. Paul Jones*, State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Keith M. Brownell*, County Attorney, and *John E. DeSanto*, Assistant County Attorney, for respondent.

Heard before Kelly, Todd, and MacLaughlin, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant appeals from a judgment of conviction on a plea of guilty to possession of a controlled substance (amphetamines) in violation of Minn. St. 152.09, subd. 1(2). We stay the appeal and remand to allow defendant to commence postconviction proceedings.

Defendant argues on appeal that he should be permitted to

withdraw his guilty plea because the prosecution breached its plea agreement to make no recommendations as to sentence. We note at the outset that neither defendant nor his counsel, who had placed the plea agreement on the record in this case, made any objection to the prosecutor's remarks. Although there is no evidence that defendant was misled as to the nature of the agreement or as to the right of the defense to object to the prosecutor's remarks, we elect not to presume a voluntary and binding waiver of defendant's rights because the record does not provide sufficient guidance as to what defendant was told, what his counsel's interpretation of the agreement was, why there was no objection, etc.

Authorizing the withdrawal of a guilty plea is permitted to correct a manifest injustice. A. B. A. Standards for Criminal Justice, Pleas of Guilty (Approved Draft, 1968) § 2.1(a). Without a hearing which focused on this issue, and on the skimpy record before us, it would be difficult if not impossible to ascertain any meaningful answers to this issue. While facially it appears that the plea agreement may have been breached, it also appears that there may have been a waiver, as defendant did not object. In the absence of any explanation, it seems unjust for defendant and his counsel to sit idly by without objection and, after finding out what the sentence is, to then cry foul. We think the better practice in such a case is to stay defendant's direct appeal and allow him to develop an appropriate record in postconviction proceedings.[1]

---

[1] Minn. St. c. 590. We take judicial notice of the fact that the state public defender has generally followed the practice of requesting a stay of the appeal in order to utilize the postconviction procedure in those cases within the scope of Minn. St. 590.01 in which a further hearing is essential to development of the issues. Because we believe, for the reasons stated in this opinion, that this case is such a case, we are adopting that practice here sua sponte. Since this case arose before the adoption of the Minnesota Rules of Criminal Procedure, we intimate no view as to whether this practice will be followed in subsequent cases. See, Rules of Criminal Procedure, Rules 15 and 29.

As to the merits of defendant's contention, we have strong reservations as to whether the prosecution fulfilled its part of the plea agreement. Although the record shows that one prosecutor agreed to make no recommendation as to sentencing, and that the sentence "would be up to the Court," another prosecutor appeared at sentencing and stated:

"MR. DESANTO: Your Honor the State has no formal recommendation. However, I would indicate for the record that I have made the Court aware of the juvenile authority's recommendation which they have communicated to our office.

"THE COURT: And that is what?

"MR. DESANTO: And that is sentencing to St. Cloud."

It appears from affidavits made by Mr. DeSanto and a county probation officer that the presentence investigation report did not include the juvenile authority recommendation, and that the trial court learned of that recommendation only through the prosecutor's remark. Although the issue is not free from doubt, since it can be argued that the prosecutor presented information, not his personal recommendation, we think that in close cases plea agreements should be construed to favor defendants.[2] This

---

[2] Courts in other jurisdictions have construed comparable plea agreements liberally to favor defendants. United States v. Brown, 500 F. 2d 375 (4 Cir. 1974); Miller v. State, 272 Md. 249, 322 A. 2d 527 (1974); People v. Barajas, 26 Cal. App. 3d 932, 103 Cal. Rptr. 405 (1972); People v. Eck, 39 Mich. App. 176, 197 N. W. 2d 289 (1972); Wood v. Commonwealth, 469 S. W. 2d 765 (Ky. 1971); State ex rel. Clancy v. Coiner, 154 W. Va. 857, 179 S. E. 2d 726 (1971); Commonwealth v. Alvarado, 442 Pa. 516, 276 A. 2d 526 (1971); See, Bond, Plea Bargaining and Guilty Pleas, § 5.10[2].

In Miller v. State, 272 Md. 249, 252, 322 A. 2d 527, 529, one prosecutor promised to make no recommendation as to sentencing. At the time of sentencing, however, a second prosecutor made the following comments about a probation officer's report that had recommended supervised probation and psychiatric therapy for defendant: "(The Court): Now, does the State want to say anything *with regard to this disposition?*

"(Mr. Howard): No, Your Honor, I agreed as part of our plea bargaining that I would not in this case make a recommendation to this

practice best serves the important interest in fair, honest, and open plea bargaining as an integral part of the criminal justice system. Cf. Santobello v. New York, 404 U. S. 257, 92 S. Ct. 495, 30 L. ed. 2d 427 (1971); State v. Wolske, 280 Minn. 465, 160 N. W. 2d 146 (1968).

Defendant here bargained to keep the prosecutor out of the sentencing process, but the prosecutor chose to intervene by impliedly adopting the recommendation of the juvenile authority as his own. However, as we have already indicated, there is a serious issue as to whether defendant knowingly and voluntarily waived his rights in connection with the plea bargain. The factual background of this issue bears further examination. We therefore stay the appeal, retaining jurisdiction, to allow defendant to proceed with postconviction proceedings. If a further appeal from those proceedings is necessary, it may then be joined with this appeal so that defendant's contention may be finally disposed of on a complete record in a single appellate proceeding.

Remanded and appeal stayed pending postconviction proceedings.

---

Court. I would just state that *I am not in full compliance with the recommendation of the Probation Officer, but* have not gone into that fully."

The Maryland Court of Appeals held that the prosecution had breached its agreement. Likewise, in the instant case, the prosecution intruded into the sentencing process after promising not to do so. Commonwealth v. Alvarado, 442 Pa. 516, 521, 276 A. 2d 526, 529; Wood v. Commonwealth, 469 S. W. 2d 765, 766.