**STATE of Minnesota, Respondent,**

v.

**Douglas Ray OCHALLA, Appellant.**

No. 48972.

Supreme Court of Minnesota.

Nov. 16, 1979.

Kief, Duranske, Fuller, Baer & Wallner and George L. Duranske, III, Bemidji, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Daniel R. Sandell, County Atty., Breckenridge, for respondent.

SHERAN, Chief Justice.

Petitioner, after being found guilty by a district court jury of aggravated robbery and sentenced by the trial court to a maximum term of 20 years in prison, seeks postconviction relief in the form of a new trial on the ground of ineffectiveness of trial counsel (in failing to locate some alibi witnesses and failing to call others) and newly discovered (certain alibi testimony as well as testimony of operator of so-called Psychological Stress Evaluation, hereafter PSE, concerning results of analysis of tape recordings of voices of petitioner and the victim to determine the truth of certain

statements they made about petitioner's participation in the crime). Our examination of the record convinces us that the postconviction court did not err in refusing to admit the PSE evidence and that it properly concluded that petitioner had failed to meet his burden of proving ineffective assistance and/or newly discovered evidence warranting a retrial. Therefore we affirm.

In this case two men accompanied the victim, who was intoxicated, to a restaurant and, after eating with him, left the restaurant with the victim, walked with him a short ways, and then beat him and robbed him. The victim identified petitioner after seeing him in a bar about a month later and three other witnesses who had seen the victim with the two men positively identified petitioner as one of the men. Additionally, other evidence placed petitioner in the vicinity of the offense during the time in question and in the company of a man who fit the description of the victim's other assailant.

■ 1. Petitioner, who does not challenge the sufficiency of the evidence, contends nonetheless that his trial counsel failed to adequately represent him in that he did not make a reasonable effort to locate alibi witnesses and failed to call certain other alibi witnesses who had been located. The postconviction court, however, found that petitioner's trial counsel had made a reasonable effort to locate the witnesses in question and that there were tactical reasons for not calling all of the alibi witnesses (one could have been impeached on an important point and another arguably would have been an ineffective witness). Under these circumstances, we conclude that the postconviction court, after applying the appropriate standard—see, *White v. State,* 309 Minn. 476, 479, 248 N.W.2d 281, 285 (1976)—properly ruled that petitioner had failed to meet his burden of proving ineffective assistance.

■ 2. Petitioner's other contention is that the postconviction court erred in refusing to admit the so-called PSE evidence and in concluding that the alleged newly discovered evidence did not require a new trial.

We hold that the postconviction court properly concluded that the petitioner failed to meet his burden of proving that there was newly discovered evidence requiring a new trial. See, *State v. Meldahl,* 310 Minn. 136, 245 N.W.2d 252 (1976). With respect to the PSE evidence we should point out that we are not presented with nor do we decide the issue of the admissibility of so-called polygraph evidence at a postconviction hearing to determine whether newly discovered evidence mandates a new trial. See, *People v. Barbara,* 400 Mich. 352, 255 N.W.2d 171 (1977). Rather, we are dealing with the issue of admissibility of the so-called PSE evidence, which is not the same as polygraph evidence, at such a hearing. Petitioner fails to call to our attention any cases admitting this evidence and we have found none. Without a greater showing of the reliability of such evidence and a more adequate articulation of the factors supporting admissibility of this kind of evidence in this kind of situation, we are forced to conclude that the postconviction court did not err in its ruling.

Affirmed.