**STATE of Minnesota, Respondent,**

v.

**Roger McLANE, Appellant.**

**No. CO–83–1311.**

Court of Appeals of Minnesota.

April 17, 1984.

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Janet A. Newberg, Sp. Asst. Attys. Gen., St. Paul, John P. Dimich, Itasca County Atty., Grand Rapids, for respondent.

Marc G. Kurzman, Kurzman, Shapiro, Manahan & Partridge, Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

WOZNIAK, Judge.

Roger McLane appeals his felony conviction for possession of marijuana. He claims inadequacy of counsel for not challenging the search warrant at the omnibus hearing. We affirm.

## FACTS

On January 24, 1983, officers obtained a warrant to search Roger McLane's house for marijuana. The warrant was based on information obtained from a juvenile, unnamed in the complaint although the name was given to the court separately. The juvenile had seen the marijuana 10 to 14 days before reporting it. The probable cause portion of the warrant was as follows:

Affiant is a duly acting and appointed deputy sheriff for Itasca county who received information in support for this search warrant as follows:

1) On January 24, 1983, your affiant spoke to a junvenile (sic) whose hame (sic) your affiant has deleted from this affidavit, but whose name your affiant is furnishing to the court by a separate peice (sic) of paper, to be divulged by juvenile court order, who advised that the juvenile was at the Craig Jensen home from January 11–14, 1983 who advised your affiant of the following:

a) the juvenile saw two jars, approximatey (sic) pint size in the freezercompartment (sic) of the refrigerator with green leafy vegetable which the juvenile believed to be marijuana;

b) the juvenile futher (sic) stated she saw another jar of chunks of marijuana like hash;

c) the juvenile futher (sic) stated there was a jar of rolled marijuana cigarettes in the bedroom, and;

d) that there was another bunch of marijuana which the juvenile described

as hash in a nonsmoking piece of pipe in the living room.

2) Affiant is aware from prior contacts with the juvenile that the juvenile has used marijuana in the past from the juveniles (sic) statements.

3) Affiant was told by the juvenile that Craig Jensen was present at this residence which was the Roger McLane residence. Affiant is well aware of the Roger McLane residence as affiant secured a search warrant for this residenceon (sic) July 30, 1982, where your affiant recovered a quantity of marijuana, and other contraband, is (sic) more fully appears from Exhibits A and B attached hereto and incorporated herein is fully set forth.

The officers went to McLane's house at 11:30 p.m. They knocked on the door, waking McLane. After letting the officers in, McLane sat down in the kitchen. While searching the house, the officers found marijuana in the freezer, marijuana cigarettes in the bedroom, and chunks of hash in a jar. The officer asked McLane if the marijuana was his. He said it was. The officers arrested him.

McLane retained counsel to defend him. His counsel asked for an omnibus hearing to challenge the admissibility of McLane's statement that he owned the marijuana. No attempt to challenge the sufficiency of the search warrant was made. The judge held the statements admissible. That ruling is not challenged.

At trial, McLane's counsel made a vigorous defense claiming that since McLane had been out of town until the night of his arrest, the drugs belonged to a friend who had been staying in the house. The defense, however, failed. The jury convicted McLane. He now appeals.

## ISSUE

Was McLane's counsel at trial competent?

## ANALYSIS

■ 1. McLane seeks to have the search warrant examined to see if probable

cause existed for its issuance. His counsel at trial did not object to the sufficiency of the warrant; therefore, the right to review its sufficiency is waived unless he can show plain error or ineffectiveness of counsel. Nordby, *The Craft of the Criminal Appeal,* 4 Wm. Mitchell L.Rev. 1, 30 (1978). McLane claims ineffectiveness of counsel.

The Sixth and Fourteenth Amendments to the United States Constitution guaranty a right to effective counsel in criminal matters. *Powell v. Alabama,* 287 U.S. 45, 58 S.Ct. 55, 60, 77 L.Ed. 158, 165 (1932). Minnesota adopted its current standard for evaluating the competency of counsel in 1976:

> trial counsel fails to render effective assistance when he does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances.

*White v. State,* 309 Minn. 476, 480, 248 N.W.2d 281, 285 (1976) (quoting *United States v. Easter,* 539 F.2d 663, 666 (8th Cir.1976)). The burden of proof is on the defendant to show that his counsel was not competent. *State v. Heinkel,* 322 N.W.2d 322, 326 (Minn.1982). A defendant's hindsight objection to trial tactics is not enough to show incompetency of trial counsel. *State v. Berry,* 309 N.W.2d 777, 785 (Minn. 1981); *State v. Ochalla,* 285 N.W.2d 683, 684 (Minn.1979).

Ineffectiveness of counsel is a narrow exception to the general rule of waiver. The court must determine that counsel was ineffective before it can decide the case on its merits. To examine the merits first to determine if counsel was effective would make the exception swallow the rule. A challenge of an arguably defective search warrant may be waived for tactical reasons and therefore be unreviewable on appeal. *Cf. State v. Hudson,* 281 N.W.2d 870, 874 (Minn.1979) (probable cause for arrest). A defendant must show that the search warrant so patently lacked probable cause that the failure to challenge it could only have been ineffectiveness of counsel and not trial tactics. This search warrant does not so patently lack probable cause.

2. McLane contends that no facts justify reliance on the juvenile's information, no facts connect McLane to the marijuana, and that the information was stale. The only contention of any merit is the staleness issue.

McLane must show that the juvenile's information was so patently stale that not challenging the warrant shows ineffective counsel. The general principles governing the evaluation of staleness of information contained in a search warrant application were first set forth in *Sgro v. United States,* 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed. 260 (1932). Speaking for the court, Chief Justice Hughes wrote:

> [P]roof must be of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time. Whether the proof meets this test must be determined by the circumstances of each case.

*Id.* at 210–11, 53 S.Ct. at 140, 77 L.Ed. at 263. In viewing the circumstances of each case, magistrates must apply "practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949).

There is no rule that drug information is stale after a set number of days or hours. *State v. Yaritz,* 287 N.W.2d 13, 16–17 (Minn.1979). To set an arbitrary cutoff would improperly substitute a rigid formula for the judge's informed decision. *United States v. Beltempo,* 675 F.2d 472, 478 (2d Cir.1982). The court's approach "should be one of flexibility and common sense." *Id.*

Here the juvenile told authorities that 10 to 14 days previously she had seen marijuana cigarettes in a jar, for daily use, and marijuana in jars in the freezer, for long-term storage. Considering the quantity involved and the method of storage, the likelihood that the marijuana would still be in the house was strong. The juvenile's information was not stale, let alone so patently

stale that failure to challenge the warrant evinced ineffective counsel.

## DECISION

Because the search warrant did not patently lack probable cause, counsel's failure to challenge it before the trial court did not show ineffectiveness of counsel and, therefore, the issue of probable cause for the warrant was waived.

Affirmed.