**Dennis Bernard SATHER, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. C7–84–5.

Court of Appeals of Minnesota.

July 24, 1984.

C. Paul Jones, Public Defender, Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Larry Mickelberg, Clay County Atty., Moorhead, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., without oral argument.

## OPINION

PARKER, Judge.

This is an appeal of an order denying appellant's petition for postconviction relief. Following a series of armed robberies in North Dakota and Minnesota, appellant pled guilty in North Dakota to three counts of armed robbery. Subsequently he pled guilty in Minnesota, although his defense counsel apparently did not realize the North Dakota convictions would count in appellant's criminal history score. Appellant claims his counsel was ineffective by mismanaging plea negotiations because of his unfamiliarity with Minnesota sentencing law. We affirm.

## FACTS

Beginning in November 1981, appellant participated in a series of armed robberies in Minnesota and North Dakota. About February 19, 1982, appellant was arrested by North Dakota authorities and charged with a total of five felony crimes committed there. A North Dakota attorney was hired by appellant's mother to represent him. In March 1982, charges were filed against appellant by Clay County authorities in Minnesota.

On June 28, 1982, appellant pled guilty to three Cass County, North Dakota, charges. He was sentenced on August 6, 1982, to concurrent five-year terms. Appellant, without consulting his attorney, waived extradition and appeared in Minnesota to face charges. On August 20, 1982, he pled guilty to one count of aggravated robbery and one count of conspiracy to commit aggravated robbery. Four other counts, two of aggravated robbery and two of conspiracy to commit aggravated robbery, were dismissed. At the guilty plea hearing, appellant indicated he believed he would serve 54 months for the aggravated robbery conviction.

Just prior to the sentencing on September 13, 1982, appellant had learned that the presumptive sentence for his case was not 54 months but was 90 months because the North Dakota convictions were added to his criminal history score. At the sentencing appellant was asked whether he wished to withdraw his plea with the understanding that he would be charged on all of the counts, including the ones that were dropped, but appellant declined to do so, stating "I would rather take 97 months than to go to court and be found guilty and you guys give me, you know, nine years in prison." His North Dakota attorney then argued for a downward departure but the trial court rejected his contentions and sentenced appellant to terms of 90 months for

aggravated robbery and 45 months for conspiracy, to be served concurrently to each other and to his North Dakota sentences.

Appellant filed a petition for postconviction relief on August 3, 1983, arguing that because of his attorney's unfamiliarity with Minnesota sentencing and his failure to resolve the Minnesota matters first, he should only have been sentenced to 54 months. At the postconviction hearing, appellant, his mother and a local attorney, Timothy McLarnan, testified. McLarnan, an assistant public defender for about two years, testified as an expert witness. He stated that when charges are brought in different states, the reasonable defense attorney attempts to coordinate plea bargains in every jurisdiction before a client pleads guilty. McLarnan did not know what effect pleading first in Minnesota would have had on appellant's North Dakota sentences, although appellant acknowledged himself that he could have been sent to prison in North Dakota for more than five years.

The postconviction court denied appellant's petition. Appellant filed this appeal while incarcerated in a North Dakota prison.

## ISSUE

Was appellant denied effective assistance of counsel?

## ANALYSIS

■ The Sixth Amendment guarantees an accused a right to counsel to protect the fundamental right to a fair trial. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). A defendant must show counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, — U.S. —, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ The standard for evaluating a claim of ineffective counsel is whether counsel:

Does not exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances.

*White v. State*, 309 Minn. 476, 480, 248 N.W.2d 281, 285 (1976), quoting *U.S. v. Easter*, 539 F.2d 663, 666 (8th Cir.1976). See *State v. McLane*, 346 N.W.2d 688, 690 (Minn.Ct.App.1984). This standard was implicitly approved in the recent United States Supreme Court case of *Strickland*, 104 S.Ct. at 2064.

■ Under this test, the defendant must prove counsel was incompetent. *State v. Heinkel*, 322 N.W.2d 322, 326 (Minn.1982). However:

Judicial scrutiny of counsel's performance must be highly deferential. * * * [I]ntrusive post-trial inquiry into attorney performance * * * would encourage the proliferation of ineffectiveness challenges.

*Strickland*, 104 S.Ct. at 2065, 2066. See *State v. Berry*, 309 N.W.2d 777, 785 (Minn. 1981).

■ Under the requirement to prove prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 104 S.Ct. at 2068. *See Hayes v. State*, 283 Minn. 544, 169 N.W.2d 9 (1969).

■ We need not decide whether counsel was ineffective because in this case defendant has made an inadequate showing of prejudice. Appellant contends that he was prejudiced because ineffective counsel caused an increase in his presumptive Minnesota sentence from 54 to 90 months. This is simply not true. Appellant's own actions in going on a crime spree and committing several aggravated robberies caused his 90-month sentence. Appellant does not show how a more favorable disposition would have been obtained had his counsel proceeded in a different order or somehow obtained a concurrent disposition.

 Appellant could have had a disposition more adverse to him. He could have received longer North Dakota sentences or the prosecutor in Minnesota could have insisted on guilty pleas to all six counts, not on just the two to which he pled. The postconviction court noted that it would not have agreed to dismiss several other armed robbery counts in Minnesota prior to the North Dakota conviction. Had this gone to trial in Minnesota, "stacking" of mandatory minimum sentences could have been made upon conviction of multiple counts involving the use of a dangerous weapon under the authority of *State v. Profit*, 323 N.W.2d 34 (Minn.1982).

Further, appellant had an opportunity to withdraw his guilty pleas but elected not to do so. Under these circumstances, we do not believe appellant has sufficiently shown prejudice in his claim of ineffective counsel. He has not shown that a lesser sentence was a reasonable probability in the resolution of 11 felony charges. By committing several serious offenses in different counties in different states, appellant was exposed to severe consequences and he received an appropriate sentence.

### DECISION

The postconviction court's order denying appellant's claim of ineffective counsel is affirmed. Appellant has not shown that any deficient performance of his counsel prejudiced the disposition of his case.

Affirmed.