**STATE of Minnesota, Respondent,**

v.

**Lane Ray WILLIAMS, Appellant.**

**No. C7–85–743.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey Co. Atty., Melinda S. Elledge, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Heidi H. Crissey, Asst. Public Defender, Minneapolis, for appellant.

Considered, and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellant Lane Williams appeals his conviction of attempted murder in the second degree in violation of Minn.Stat. § 609.19, subd. 1 (1984), contending the trial court abused its discretion in denying his motion to withdraw his guilty plea. We affirm.

## FACTS

Lane Williams and his companion of five years, Celia Scott, were charged with attempted first-degree murder and aggravated robbery for an assault that occurred on September 17, 1984. Both were represented by Ramsey County public defenders.

Celia Scott's case went to trial, and on December 15, 1984, she was convicted of attempted murder in the first and second degree and two counts of aggravated robbery.

On December 17, 1984, Williams and his attorney engaged in plea negotiations from approximately 9:30 a.m. to after 4 p.m. Williams asked for a continuance to consult with private counsel. He conferred with his mother in Wisconsin and a lawyer in Wisconsin. His attorney interviewed Celia Scott regarding her testimony at trial. After several hours of discussion Williams pleaded guilty to attempted murder in the second degree. He signed a written petition to plead guilty acknowledging he was informed of all rights. In testimony to establish the basis for the plea Williams acknowledged he had ample opportunity to talk to his attorney. He also said that he had intended to kill the victim. The trial court accepted the plea.

Before sentencing, Williams moved to withdraw his plea. After a hearing the trial court denied the motion and imposed the presumptive sentence of 81 months imprisonment.

## ISSUE

Did the trial court abuse its discretion in refusing to allow appellant to withdraw his guilty plea?

## ANALYSIS

■ Before sentencing, the trial court has the discretion to allow withdrawal of a guilty plea

> if it is fair and just to do so, giving due consideration to the reasons advanced by the defendant in support of his motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Minn.R.Crim.P. 15.05, subd. 2. After sentencing, the defendant must prove to the court that withdrawal of the plea is necessary "to correct a manifest injustice." *Id.*, subd. 1. The standard for withdrawing a plea before sentencing thus involves a lesser showing than is required to establish "manifest injustice." 3 Standards for Criminal Justice, Standard 14–2.1 commentary at 53 (2d ed. 1980).

The trial court said in denying Williams's motion:

> *There is no manifest injustice present here.* The defendant intelligently, knowingly and voluntarily entered his plea of guilty to the reduced offense of attempted murder in the 2nd degree. He had the representation of an experienced, competent defense counsel. He had virtually an entire court date to confer with his counsel, and others, including his mother. No deadline or time limit was ever issued by me to his attorney or to anyone before he made his decision. The proceedings in the courtroom were calm, quiet and serious.

(Emphasis added).

■ Because Williams had not been sentenced, he contends that the trial court incorrectly applied the more stringent "manifest necessity" standard. He argues that he presented fair and just reasons for withdrawing his plea and that the trial court's refusal to withdraw it was an abuse of discretion. Trial courts should generally be lenient in allowing withdrawal of a plea before sentencing. The reasons Williams advances, however, fail to demonstrate an abuse of discretion under the "fair and just" standard of Rule 15.05:

1. Williams alleges his trial attorney inadequately investigated his defenses to the original charge of attempted first-degree murder. He argues that felony murder is a nonintentional crime, and that one cannot be convicted of attempting a nonintentional crime under *State v. Dahlstrom*, 276 Minn. 301, 150 N.W.2d 53 (Minn.1967). Since that time, however, the legislature revised the statute to require "intent to effect * * * death" for a first-degree felony murder conviction. We have no doubt that Williams could have been convicted of attempted first-degree murder under Minn.Stat. § 609.185(3) (1984).

2. Williams alleges his trial counsel failed to adequately represent him. He has demonstrated virtually no support for this contention.

3. Williams argues that he was inadequately prepared for trial because the trial court denied a continuance for the purpose of reviewing a transcript of Celia Scott's trial testimony. It would have taken months to obtain the trial transcript. In addition, the record shows that Williams' attorney interviewed Scott and her lawyer on the day Williams submitted his plea.

4. Another reason Williams sought to withdraw his plea was because he "was denied the opportunity to retain private counsel." Williams had from September 10 to December 17 to obtain private counsel and did not do so. He had never before suggested that he was dissatisfied with his lawyer.

5. Williams alleges he was denied the opportunity to confer further with his lawyer. There is no evidence to support this allegation; in fact, he stated on the record that there was nothing else he wished to discuss with his lawyer.

6. Williams asserted his innocence after his plea and retained private counsel. These are not significant reasons.

## DECISION

The trial court acted within its discretion in denying appellant's motion to withdraw his guilty plea.

Affirmed.