STATE of Minnesota, Respondent,

v.

Michael D. FERRARO, Appellant.

No. CX–86–1461.

Court of Appeals of Minnesota.

April 14, 1987.

Hubert H. Humphrey, III, State Atty. Gen., Tom Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Co. Atty., St. Paul, for respondent.

Michael D. Ferraro, pro se.

Considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant pleaded guilty to assault in the third degree pursuant to a plea agreement. After acceptance of the plea, but before sentencing, appellant moved to withdraw the plea or for a downward departure from the presumptive sentence. The requests were denied. Appellant claims (1) the trial court erred in not permitting him to withdraw his plea and his conviction should be vacated, (2) he was denied effective assistance of counsel, and (3) he is entitled to a modified sentence pursuant to amendment to the Minnesota Sentencing Guidelines. We affirm.

## FACTS

In September 1985, appellant was charged with assault in the second and third degrees in violation of Minn.Stat. §§ 609.11, 609.222, and 609.223 (1984 & Supp.1985). Prior to trial, a plea agreement was reached wherein appellant agreed to plead guilty to the charge of assault in the third degree and the State agreed to (1) dismiss the charge of assault in the second degree, (2) delete the reference to Minn.Stat. § 609.11, the mandatory minimum sentence provision, in the charge of assault in the third degree, (3) not charge appellant with additional counts of assault in the second degree and aggravated criminal damage to property, as intended, (4) remain silent at sentencing, except concerning restitution, and (5) leave all terms and conditions of any probation which may be imposed to the discretion of the court.

Appellant executed a petition to enter a plea of guilty, which indicated he was informed the maximum penalty the court could impose was imprisonment for 0–3 years and, except for the plea agreement, no one, including any judge, made any promises to obtain the guilty plea. Appellant was also questioned extensively concerning the implications of his plea and the waiver of his rights pursuant to Minn.R. Crim.P. 15.01. Appellant acknowledged he understood (1) he was pleading guilty to a felony, which was punishable by up to three years in prison and/or a $3000 fine, (2) the judge would decide the appropriate sentence after a presentence investigation was completed, and (3) there were no promises concerning the sentence.

Upon further examination, appellant's counsel indicated he had an opportunity to review a print-out of appellant's prior convictions and according to his "estimation" appellant had a criminal history score of 3, which would call for a presumptive sentence of 21 months probation.

The court accepted appellant's plea. The prosecuting attorney immediately clarified there was no promise of what appellant's criminal history score was because it was yet to be determined. Appellant's counsel also stated he informed appellant that the Department of Corrections would calculate appellant's criminal history score and that neither he nor the prosecutor could speak for the Department of Corrections. Appellant acknowledged he understood.

Appellant's counsel explained to appellant that if his criminal history score was determined to be greater than 3, the presumptive sentence was an executed sentence of imprisonment and counsel would then ask the court's permission for appellant to withdraw his plea. The prosecuting attorney informed appellant there had been no agreement to withdraw the guilty plea if his criminal history score was greater than 3 and that the State would oppose any

request to withdraw the plea. The court also indicated it was impossible to presently determine the criminal history score because of the uncertainty concerning the age of some of the offenses.

At the conclusion of the hearing, appellant did not request permission to withdraw his plea and the trial court indicated it would let appellant's plea of guilty stand. Appellant responded affirmatively. The court then directed preparation of a presentence investigation report and scheduled a sentencing hearing.

A sentencing hearing was held on May 20, 1986. The presentence investigation report revealed appellant's criminal history score was 4. Appellant's counsel requested appellant be allowed to withdraw his plea or the court depart from the presumptive sentence and place him on probation. The court denied the request to withdraw the plea indicating it would not accept a plea with the understanding it might be withdrawn. The court then scheduled a departure hearing.

The departure hearing was held on June 3, 1986, when appellant moved for a downward departure. The prosecuting attorney opposed appellant's request and moved for an upward departure or alternatively to withdraw the plea. The trial court denied all motions and imposed a presumptive executed sentence of 25 months incarceration.

## ISSUES

1. Did the trial court abuse its discretion in not allowing appellant to withdraw his plea?

2. Was appellant denied effective assistance of counsel?

3. Is appellant entitled to modification of his sentence pursuant to an amendment in the Minnesota Sentencing Guidelines which became effective after the imposition of appellant's sentence?

## ANALYSIS

1. Appellant claims he should have been permitted to withdraw his plea and his conviction should be vacated because (a) the trial court failed to follow the proper proce-

dures, (b) appellant believed he would receive a probationary sentence and that he had a right to withdraw his plea if the presumptive sentence was to require incarceration, (c) the plea was not voluntary, intelligent or accurate, and (d) the State violated the plea agreement. Absent an abuse of discretion, we will not overturn a trial court's denial of a defendant's motion prior to sentencing to withdraw a guilty plea. *See State v. Williams*, 373 N.W.2d 851 (Minn.Ct.App.1985); Minn.R.Crim.P. 15.05, subd. 2.

a. *Trial court procedure.*

■ Appellant's claim that the trial court did not follow the proper procedures in accepting appellant's plea because it did not postpone acceptance or rejection of the plea until it received the results of a presentence investigation is without merit. Although the court may postpone accepting or rejecting a plea, or order a pre-plea sentencing guidelines worksheet be prepared prior to entry of a plea, the trial court is not required to follow this procedure when the parties have not requested it and the plea agreement does not require the imposition of a specific sentence. Appellant's claim that the trial court failed to reject or accept the terms of the plea agreement is also without merit.

b. *Appellant's belief concerning a probationary sentence and the right to withdraw the plea.*

■ Appellant claims he should have been permitted to withdraw his plea or his conviction should now be vacated because he believed he would receive a probationary sentence and had a right to withdraw the plea if his criminal history score resulted in a presumptive sentence requiring incarceration.

A probationary sentence and a right to withdraw the plea were not promised to appellant, nor part of the plea agreement, and appellant's alleged belief to the contrary does not require vacation of his conviction or reversal of the trial court's refusal to grant appellant's request to withdraw the plea. *State v. Trott*, 338 N.W.2d 248,

252 (Minn.1983); *Kochevar v. State*, 281 N.W.2d 680, 687 (Minn.1979); *Spann v. State*, 368 N.W.2d 377, 378 (Minn.Ct.App. 1985).

### c. *Voluntary, intelligent and accurate plea.*

Appellant's claim that his guilty plea was not valid because it was not voluntary, intelligent and accurate is without merit. *See Trott*, 338 N.W.2d at 251.

### d. *Violation of the plea agreement.*

Appellant claims the State violated the plea agreement by not remaining silent at sentencing regarding matters other than restitution. At sentencing, appellant moved for a downward departure from the presumptive sentence. The State opposed appellant's request and moved for an upward departure, or alternatively requested the plea be vacated. The State's requests were unrelated to restitution. Appellant did not object to the prosecutor's actions or motion as a violation of the plea agreement, nor did appellant move to vacate his plea on that basis. At the beginning of the departure hearing, the trial court stated it did not intend to provide for an upward departure.

■ The prosecuting attorney's actions [1] and motion were a violation of the plea agreement. Generally, a prosecutor's violation of an essential element or inducement in a plea agreement, and a timely objection to the violation, entitles a defendant to a remedy, such as resentencing with specific performance of the plea agreement or an opportunity to withdraw the plea. *See Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971). However, in this case, appellant failed to object to the violation of the plea agreement and at no time brought it to the trial court's attention.

■ We hold appellant waived any objection to the violation of the agreement and was not prejudiced by the violation. *See State v. Witte*, 308 Minn. 214, 245 N.W.2d 438 (1976) (per curiam) (waiver by failure to

object possible). Regardless of the State's requests concerning sentencing, appellant failed to present any compelling reason for a downward departure from the presumptive sentence. The trial court also indicated it intended to impose a presumptive sentence before it heard the State's evidence on its motion. This court fully realizes the importance of requiring the State to fully comply with the conditions of a plea agreement, and if the State breaches an agreement and there is any question of potential prejudice or injustice to a defendant, he is entitled to a remedy. *See State v. Wolske*, 280 Minn. 465, 160 N.W.2d 146 (1968).

■ 2. Appellant claims he was denied effective assistance of counsel because his former counsel failed to (1) correctly calculate his criminal history score, (2) order a pre-plea sentencing guidelines worksheet, (3) include the right to withdraw the guilty plea as a condition of the plea agreement, and (4) object to the prosecutor's violation of the plea agreement.

A defendant must show counsel was incompetent and did not exercise the diligence and skills a reasonably competent attorney would perform in similar circumstances and the defendant was prejudiced by the deficient performance. *Sather v. State*, 352 N.W.2d 79, 81 (Minn.Ct.App. 1984), *pet. for rev. denied*, (Minn. Nov. 8, 1984). "There is a strong presumption that a counsel's performance falls within the wide range of 'reasonable professional assistance.'" *State v. Jones*, 392 N.W.2d 224, 236 (Minn.1986).

Here appellant was fully informed his criminal history score was uncertain. Although this would have been a good case to request a pre-plea sentencing guidelines worksheet, the failure to do so was not incompetence. A plea agreement allowing appellant to withdraw his plea was not acceptable to the trial court and was strongly opposed by the prosecutor. Even if an objection by appellant's counsel regarding the prosecutor's failure to remain silent at sentencing could have led to resen-

---

**1.** The State's counsel for this appeal was not the   prosecuting attorney at the sentencing hearing.

tencing with specific performance of the agreement or potential withdrawal of the plea, we cannot conclude appellant has been prejudiced. Resentencing would have led to the same sentence and appellant would likely not have benefited from proceeding to trial to face three additional felony charges and incorporation of Minn. Stat. § 609.11. Appellant was not denied effective assistance of counsel.[2]

■ 3. Appellant claims an August 1, 1986 amendment to the sentencing guidelines should now be applied to exclude a 1965 felony sentence from calculation of his criminal history score and his sentence should be modified accordingly. Minnesota Sentencing Guidelines III.F, which also became effective August 1, 1986, indicates modifications to the guidelines "will be applied to offenders whose date of adjudication of guilt is on or after the specified modification effective date." *Id.* Under the Rules of Criminal Procedure, the sentence or stay of imposition of sentence is the "adjudication of guilt." *See generally* Minn.R.Crim.P. 27.03, subd. 7. We construe the date of appellant's sentencing, June 3, 1986, as the date of adjudication of guilt. We decline to hold the date of adjudication of guilt extends until any or all appeals have been decided. Appellant is not entitled to a modified sentence.

### DECISION

The trial court did not abuse its discretion in denying appellant's request to withdraw his guilty plea and appellant was not denied effective assistance of counsel. The decay period modification to the sentencing guidelines does not require this court to recalculate appellant's criminal history score and modify his sentence accordingly.

Affirmed.

RANDALL, J., concurs specially.

RANDALL, Judge, concurring specially.

I concur in the result. Appellant understood that the maximum penalty could be up to three years imprisonment. The plea agreement provided that the terms and conditions of sentencing would be left to the discretion of the trial court, and appellant received the benefit he had bargained for.

However, I caution trial courts and defense counsel against an open plea of guilty where the criminal history score is not determined and it is conceded that the final score determination will have far reaching consequences. It would have been prudent for the trial court here to insist on determining the criminal history score before accepting the plea. Since defense counsel apprised the court that he would request permission to withdraw the guilty plea if the criminal history score turned out to be greater than three, the court should have anticipated the exact problem now raised on appeal.

The State made its position clear to appellant's attorney. The State indicated it would oppose any motion to withdraw the guilty plea if the criminal history score were four rather than three. The court and both counsel knew that just a one point difference in the score signified a drastic difference in appellant's presumptive sentence. A score of three would call for a presumptive sentence of approximately two years probation, and a criminal history score of four would call for a presumptive executed prison term of about two years.

I question the advisability of defense counsel wanting to proceed with an open plea of guilty with a criminal history score yet to be determined, and suggest that the trial court should have withheld acceptance of the guilty plea until the criminal history score was finalized.

However, with the record made by the trial court and both attorneys, I do not find a manifest injustice or other reversible error in the proceedings.

**2.** We must again note a direct appeal is not the best way to raise the claim of ineffective assistance of counsel because the record will not reflect the thoughts and strategies behind counsel's actions or the interaction between the defendant and his counsel. *See State v. Erickson,* 396 N.W.2d 265, 269 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Dec. 12, 1986).