**STATE of Minnesota, Respondent,**

v.

**Donald Clifford HEGG, Appellant.**

**No. C1–87–757.**

Court of Appeals of Minnesota.

July 28, 1987.

Review Denied Sept. 18, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Ramsey Co. Atty., St. Paul, for respondent.

C. Paul Jones, Minnesota Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

The trial court imposed an executed 41–month sentence following appellant's conviction for criminal sexual conduct in the

fourth degree. Under guidelines changes effective on August 1, 1986, appellant would have had three rather than six criminal history points, and his executed sentence would have been for 21 months. The trial court denied appellant's motion for alteration of his sentence, and we affirm.

## FACTS

Appellant was charged in January 1986 with fourth degree criminal sexual conduct upon a 15–year old child. *See* Minn.Stat. § 609.345, subd. 1(b) (Supp.1985). He entered a guilty plea to the charge in March 1986. The offense was adjudicated on May 13, 1986, but sentencing was delayed; the trial court announced at that time that pursuant to appellant's plea, "it is adjudged and decreed that you [appellant] are guilty of that offense."

Appellant was sentenced on August 19, 1986. His 41–month executed sentence was based on six criminal history points.

The decay factor for crimes considered in determining criminal histories, set by Minnesota Sentencing Guidelines and Commentary II.B.1, was modified effective August 1, 1986. Under the modification, appellant's presumptive sentence would be an executed term of 21 months, based on three criminal history points. The sentencing court adhered to the decay factor in effect before August 1, 1986.

In December 1986, appellant moved for correction of his sentence, claiming the tri-

al court should have calculated his criminal history points in light of the modification that became effective before sentencing. Four months later,[1] the trial court denied appellant's motion. On appeal of this decision, we affirm.

## ISSUE

Was appellant's criminal history score miscalculated?

## ANALYSIS

Under law governing the sentence of appellant on August 19, 1986, guideline modifications were applicable to offenders "whose date of adjudication of guilt is on or after the specified modification effective date." Minnesota Sentencing Guidelines and Commentary III.F (effective August 1, 1986). The adjudication of appellant's conviction occurred on May 13, 1986, several months before the effective date for modifications of the conviction decay factor under Minnesota Sentencing Guidelines and Commentary II.B.1. Appellant's sentence conformed to controlling law.[2]

The appeal here is premised on the assumption that appellant's offense was adjudicated on August 19, 1986, the date he was sentenced. This conclusion is not confirmed by the record.

In *State v. Ferraro*, 403 N.W.2d 845 (Minn.Ct.App.1987), this court concluded that the date of adjudication of guilt, for

---

1. The delay in resolving appellant's motion was unreasonable. Sentencing matters should be promptly resolved by the trial court. *See,* as to original sentencing hearings, Minn.Stat. § 244.-10, subd. 1 (1986) and Minn.R.Crim.P. 27.03, subd. 1(F) (order to be entered within 20 days after the sentencing hearing). The correction motion here was pursuant to Minn.R.Crim.P. 27.03, subd. 9. The silence of this provision on the time for a decision does not warrant delay such as occurred here. It is evident that the delay here was prompted by the trial court's interest in a prospective change in guidelines policy on the effective date of modifications. However, any such change would not likely have retroactive application. *See generally* Minn.Stat. § 645.21 (1986).

2. The trial court reached its conclusion on the basis of an amendment to Minnesota Sentencing Guidelines III.F., effective on April 9, 1987.

The amended provision says that guideline modifications apply to offenders "whose date of offense is on or after the specified effective date." We do not agree that the case is governed by the amendment, but the question is immaterial here. Both the 1986 and the 1987 versions of section III.F. lead to the conclusion that appellant's sentencing was not governed by changes effective on August 1, 1986.

It is evident that section III.F. was reformed in 1987 to eliminate the likely conclusion that the earlier version of the section, adopted in 1986, called for application of changes, *ex post facto,* to offenses already committed but adjudicated later. We have analyzed the case by considering the 1986 version of section III.F. as controlling law on August 19, 1986. Alternatively, if we disregarded this section, there would be no reliable reason to apply changes in guidelines for offenses already committed when the changes took effect.

purposes of section III.F, was the date of appellant's sentencing. *Id.* at 849. The court noted that under Minn.R.Crim.P. 27.-03, subd. 7, the sentence or stay of imposition of sentence is an "adjudication of guilt." *Id.* Although, under the facts in *Ferraro*, we concluded the date of "adjudication of guilt" was the date of appellant's sentencing, an adjudication of guilt may occur prior to sentencing. The Comment to Rule 27.03, subd. 7 states: "The sentence or stay of imposition of sentence constitutes an adjudication of guilt if the court does not sooner make such an adjudication."

It is clear on the record here that appellant's conviction was "adjudged and decreed" on May 13, 1986. After the adjudication, appellant moved for permission to withdraw his guilty plea, a request that was not denied until his sentencing on August 19. Appellant's plea was never withdrawn. The pendency of the request to permit withdrawal of his plea did not alter the date of adjudication of appellant's offense.

## DECISION

Appellant's criminal history score was properly calculated and he is not entitled to a reduced sentence.

Affirmed.