**FILED**

Jul 17 2020, 8:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Nicole A. Zelin
Pritzke & Davis, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sarah Shores
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicholas D. McHenry, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 17, 2020 <br><br> Court of Appeals Case No. 19A-CR-2460 <br><br> Appeal from the Hancock Circuit Court <br><br> The Honorable R. Scott Sirk, Judge <br><br> Trial Court Cause No. 30C01-1902-F1-299 |

**May, Judge.**

[1]     Nicholas D. McHenry appeals his aggregate twenty-four-year sentence for two counts of Level 4 felony child molesting.[1]  We address two issues: (1) whether

---

[1] Ind. Code § 35-42-4-3(b).

McHenry waived his right to appeal as a condition of his plea agreement; and (2) whether McHenry's sentence is inappropriate given the nature of his offense and his character. We affirm.

## Facts and Procedural History

[2] N.W. and her younger sister, N.S., spent a lot of time at McHenry's house because N.W. was friends with McHenry's younger sister, G.M. The mother of N.W. and N.S. paid McHenry's mother to babysit N.W. and N.S., and McHenry would help his mother care for them. On February 6, 2019, the mother of N.W. and N.S. contacted the Fortville Police Department to report that McHenry, a twenty-one-year old man, had touched N.W.'s thigh and asked N.W. to unbutton her pants. The officer who took the report contacted the Indiana Department of Child Services ("DCS"). A DCS caseworker then interviewed N.W. and N.S. at the Hancock County Sheriff's Department. In their interviews with the caseworker, both N.S. and N.W. reported McHenry inappropriately touched them.

[3] N.S. described an incident that occurred on February 1, 2019, when N.S. was six years old. N.S. was in McHenry's bedroom when McHenry blocked his bedroom door and would not allow her to leave the room. McHenry asked N.S. to sit on his lap. McHenry touched N.S.'s "pee area" over her clothes at first, then McHenry pulled N.S.'s pants down and touched her "pee area" again. (App. Vol. II at 25.) McHenry said "ooo that's good" while touching N.S. (*Id.*)

[4]     The caseworker also interviewed N.W., who described an incident that occurred in April 2018, while she attended a sleepover at McHenry's house to celebrate G.M.'s birthday. N.W. was eleven years old at the time. N.W. reported that she was sleeping on a chair in the living room when she woke up to McHenry rubbing her vagina. Once N.W. woke up, McHenry told her "shhh and go back to bed." (*Id.*)

[5]     After DCS's interviews with N.W. and N.S., Fortville Police Officers interrogated McHenry. McHenry admitted touching N.S.'s vagina, both over her clothes and then skin to skin, in his bedroom. He also said that he put his thumb inside N.S.'s anus. McHenry further admitted rubbing N.W.'s vagina with his hand when N.W. was at the McHenry's house for G.M.'s birthday sleepover. McHenry then reported that he had also recently reached under G.M.'s nightgown and "copped a feel" of G.M.'s buttocks. (*Id.*)

[6]     On February 13, 2019, the State charged McHenry with one count of Level 1 felony child molesting[2] and two counts of Level 4 felony child molesting. On July 17, 2019, McHenry entered into a plea agreement with the State in which he agreed to plead guilty to the two counts of Level 4 felony child molesting and the State agreed to dismiss the Level 1 felony child molesting count. The plea agreement listed the maximum and minimum penalties allowed by statute for a Level 4 felony, but it left the sentence on each count and the aggregate

---

[2] Ind. Code § 35-42-4-3(a)(1).

sentence to the discretion of the trial court. Paragraph 15 of the plea agreement stated:

> The Defendant understands that he has a right to appeal his sentence if there is an open plea. An open plea is an agreement which leaves the sentence entirely to the Judge's discretion, without any limitation or the dismissal of any charges. The Defendant's plea is not an open plea, and the Defendant hereby waives his right to appeal his sentence so long as the Judge sentences the Defendant within the terms of the plea agreement. The defendant hereby waives the right to appeal any sentence imposed by the Court, under any standard of review, including but not limited to, an abuse of discretion standard and the appropriateness of the sentence under Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of the plea agreement.

(App. Vol. II at 49-50.)

[7] The trial court held a change of plea hearing on July 23, 2019. At the hearing, the trial court advised McHenry that, by entering into the plea agreement, McHenry waived certain rights including his right to a public and speedy trial, his right to confront the witnesses against him, his right not to be called to testify against himself, and the presumption of innocence. The trial court also advised McHenry of the maximum and minimum penalties for the crimes McHenry intended to plead guilty to committing. McHenry then moved to change his plea, and he pled guilty to the two counts of Level 4 felony child molestation. McHenry also waived his right to be sentenced within thirty days of entering his guilty plea.

[8] The trial court held a sentencing hearing on September 26, 2019. The victims'
mother testified that, after the molestations, N.W. became depressed and her
grades dropped dramatically, and N.S. threatened to commit suicide. Both
N.W. and N.S. began attending therapy. McHenry's juvenile probation officer,
McHenry's mother, and McHenry also testified at the hearing. During the
State's argument, the State commented McHenry "essentially pled open," and
the State declined to make a specific sentencing recommendation. (Tr. Vol. II
at 73.) The trial court sentenced McHenry to consecutive twelve-year terms, for
an aggregate sentence of twenty-four years. The hearing concluded with the
following exchange between the court and counsel:

> THE COURT: Okay. Anything else? [Defense Counsel] may
> appeal the sentence –
>
> [Defense Counsel]: No Judge.
>
> THE COURT: - within thirty days if he wishes to do so. All
> right thank you all very much. Anything else Ms. [Deputy
> Prosecutor]?
>
> [Deputy Prosecutor]: Not at this time Your Honor.

(*Id.* at 87.)

[9] On October 9, 2019, the trial court entered a sentencing statement in which it
stated:

> 2. The reason for Defendant's said sentence is that the harm,
> injury, loss, damage suffered by both victims of this offense of

child molest was significant and greater than necessary of the elements [sic] to prove the commission of said offense.

3. The defendant had a history of criminal delinquent behavior including a previous juvenile conviction of the same offense of child molest and including the uncharged child molest.

4. Additionally, the defendant was placed in a situation where the victims were at his home for purposes of child care and the defendant was in a position where he had a greater responsible [sic] to said children.

5. Finally, as stated previously[,] the victims themselves and the nature of their loss is such and the harm that was inflicted [on] them is such it demands a penalty reflecting the aggravating circumstances and justified the Court's sentence of twelve years on each Count and consecutive.

6. The Court finds the only mitigating circumstance is that he admitted his guilt.

(App. Vol. III at 80.)

# Discussion and Decision

## I. Waiver

The State contends McHenry waived his ability to challenge his sentence pursuant to paragraph 15 of McHenry's plea agreement. While the plea agreement stated a defendant has a right to appeal his sentence following an open plea, the State argues McHenry did not enter an open plea. The State

dismissed the Level 1 felony count, and the plea agreement defined "open plea" as "an agreement which leaves the sentence entirely to the Judge's discretion, without any limitation or the dismissal of any charges." (App. Vol. II at 49.)

[11] However, the State's argument in the case at bar is the same argument that we considered and rejected in *Williams v. State*, 51 N.E.3d 1205 (Ind. Ct. App. 2016).[3] In *Williams*, the defendant agreed to plead guilty to theft after embezzling money from her employer, and the State agreed to dismiss its allegation that Williams was a habitual offender. *Id.* at 1207. After a sentencing hearing in which the parties argued over the amount of executed time Williams should be sentenced to serve, the court sentenced her to a fully executed term of three years in the Indiana Department of Correction. *Id.* at 1208. Williams' plea agreement contained a provision substantially similar to paragraph 15 of McHenry's plea agreement, and the State argued on appeal that "because Williams agreed that her plea was not an open plea, she is foreclosed from challenging her sentence on direct appeal." *Id.* at 1209. We stated:

> "An 'open' plea is one in which the sentence imposed is left to the discretion of the court." *Allen v. State*, 865 N.E.2d 686, 689 (Ind. [Ct.] App. 2007). Where "a defendant pleads guilty to what has been characterized as an 'open plea' the freedom and latitude of the trial court to impose a particular sentence is readily

---

[3] The State did not petition for either rehearing or transfer following our decision in *Williams*.

apparent." *Childress v. State*, 848 N.E.2d 1073, 1078 (Ind. 2006) (footnote omitted).

*Id*. In conclusion, we stated:

> We construe contracts against the drafting party, which, in the case of plea agreements, is the State. As such, we conclude that this was in fact an open plea, that the parties mistakenly characterized as not being so. Nevertheless, per the terms of the plea agreement, Williams was allowed the opportunity to appeal her sentence from the open plea and may do so here on direct appeal. This conclusion comports with the trial court's sentencing statement on the record after imposing sentence. . . . At that point the State did not object to the trial court's comments or correct the record pursuant to the plea agreement. We decline to dismiss Williams' appeal.

*Id*. at 1209-10 (internal citations and quotation marks omitted).

[12]    Like the plea agreement in *Williams*, McHenry's plea agreement notified him that a defendant has a right to appeal the sentence imposed after entering an open plea and erroneously characterized McHenry's plea as not an open plea. The plea agreement left McHenry's sentence to the trial court's discretion, and the trial court was only limited in the sentence it could impose by the statute outlining the maximum and minimum penalties for a Level 4 felony. Further, like the trial court in *Williams*, the trial court herein advised McHenry of his right to appeal at the end of McHenry's sentencing hearing, and the State did not object. Therefore, we reach the same result that we reached in *Williams*, and we decline to dismiss McHenry's appeal.

# II. Appropriateness of Sentence

[13] McHenry argues his aggregate twenty-four-year sentence is inappropriate given the nature of his offense and his character. We evaluate inappropriate sentence claims using a well-settled standard of review.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. App. R. 7(B). Our role in reviewing a sentence pursuant to Appellate Rule 7(B) "should be to attempt to leaven the outliers, and identify some guiding principles for the trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "The defendant bears the burden of persuading this court that his or her sentence is inappropriate." *Kunberger v. State*, 46 N.E.3d 966, 972 (Ind. Ct. App. 2015). "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).

*Belcher v. State*, 138 N.E.3d 318, 328 (Ind. Ct. App. 2019), *trans. denied*.

[14] When considering the nature of the offense, we first look to the advisory sentence for the crime. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). Indiana Code section 35-50-2-5.5 states: "A person who commits a Level 4 felony shall be imprisoned for a fixed term of between two (2) and twelve (12) years, with the advisory sentence being six (6) years." Thus, the court imposed a sentence on each count above the

advisory sentence. In fact, the court imposed the maximum sentence statutorily allowed.

[15] McHenry argues the facts of his offense "are not 'egregious' and certainly do not consist of anything more than the 'typical' offense that the Indiana legislature contemplated when it set the advisory sentence." (Appellant's Br. at 11.) We disagree. As the trial court noted in its sentencing statement, N.W. and N.S. were at McHenry's house for the purpose of childcare, and McHenry exploited that purpose in order to commit his offenses. The nature of McHenry's offense was therefore more egregious then the "typical" offense because he was in a position of trust. Also, McHenry's offenses caused the victims to suffer significant harm. The victims' mother testified at McHenry's sentencing hearing regarding the many ways his offenses negatively affected her daughters. *See Hale v. State*, 128 N.E.3d 456, 465 (Ind. Ct. App. 2019) (holding child molester's sentence was not inappropriate in light of the nature of his offense when he exploited his position as fiancé of the victim's mother's to commit his crimes and the victim testified regarding the number of ways the molestations negatively impacted her life), *trans. denied*.

[16] When assessing the defendant's character, we consider the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). "The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Id*. When McHenry was fourteen, the juvenile court adjudicated him delinquent after he sexually assaulted two young boys while his mother was babysitting them. Further, the

juvenile court determined McHenry violated the terms of his probation when he performed oral sex on his sister. Additionally, McHenry self-reported to officers that he reached under his sister's nightgown and touched her buttocks, even though the State did not charge him with a crime for doing so. McHenry's record of continuing to engage in criminal sexual behavior, even after contacts with the justice system, reflects poorly on his character. *See Weiss v. State*, 848 N.E.2d 1070, 1073 (Ind. 2006) (holding defendant's sentence was not inappropriate because "[h]is repeated contacts with the criminal justice system have had no impact on persuading him to reform").

[17] McHenry partially attributes his offense to the sexual abuse he suffered as a child. However, despite knowing from personal experience the harm sexual abuse causes, McHenry chose to sexually molest others. This also does not reflect well on his character. *See Hines v. State*, 856 N.E.2d 1275, 1283 (Ind. Ct. App. 2006) ("Even accepting that Hines was a victim of abuse as a child, the trial court failed to assign this fact much weight because Hines chose to create more victims by becoming an abuser himself."). Therefore, McHenry's character does not persuade us that his sentence is inappropriate. *See Walters v. State*, 68 N.E.3d 1097, 1103 (Ind. Ct. App. 2017) (holding convicted child molester's character did not demonstrate his sentence was inappropriate), *trans. denied*.

# Conclusion

[18]     We decline the State's request to dismiss McHenry's appeal because his plea agreement allowed him to appeal his sentence following an open plea and the plea agreement left sentencing entirely to the trial court's discretion.  Further, we hold that McHenry's sentence is not inappropriate given the nature of his offense and his character, particularly in light of McHenry's continuing acts of criminal sexual behavior.  Therefore, we affirm.

[19]     Affirmed.

Robb, J. and Vaidik, J., concur.